Slotsky, Appellant, *v.* Gellar et al.

Argued November 20, 1973. Before Jones, C. J., Eagen, O'Brien, Roberts, Pomeroy, Nix and Manderino, JJ.

*Alex Bonavitacola,* with him *Stephen B. Barson,* and *Robinson, Greenberg & Lipman,* for appellant.

*Nathan L. Posner,* with him *Victor Wright,* and *Fox, Rothschild, O'Brien & Frankel,* for Jack Gellar and Kate Gellar, appellees.

*Edward Cohen,* for Penn Radio Cab, Inc., appellee.

150

Opinion by Mr. Justice Eagen, January 24, 1974:

Penn Radio Cab, Inc., is a Pennsylvania corporation engaged in the taxicab business in Philadelphia. Fifty percent of the stock issued by the corporation is owned by Morris Slotsky and the remaining fifty per cent of such stock is owned by Jack Gellar and Kate Gellar, his wife. Dissidence arose among the shareholders, and on April 2, 1969, Slotsky filed a petition under the Business Corporation Law* requesting the Court of Common Pleas to appoint a custodian for the corporation. An extended evidentiary hearing ensued and on December 22, 1969, the trial court entered an adjudication and order granting the petition. Exceptions to this adjudication and order were subsequently dismissed by a court en banc, and the order was made final. The appointment of a custodian for the corporation then followed. No appeal was filed.

On December 18, 1970, the court sur petition by Slotsky issued a rule to show cause why a liquidating receiver should not be appointed to sell the assets of the corporation. Further hearings followed before a judge other than the one who presided at the hearing on the initial petition. On March 2, 1972, the judge, after hearing oral argument from counsel, stated orally from the bench, "as a result of all that I have heard both formally and informally and everything else, I came to the very firm conclusion, I came to this ruling, I am not appointing a liquidating trustee. . . ." This adjudication or ruling was not then transcribed and filed in the prothonotary's office but nonetheless Slotsky filed an appeal in the Superior Court on March 29, 1972, from the trial court's oral pronouncement. On November 20, 1972, the trial court filed an adjudication and order in the prothonotary's office dismissing

---

* See Section 513.1A(2) of the Act of July 20, 1968, P. L. 459, No. 216, 15 P.S. §1513.1.

the petition for the appointment of a liquidating receiver and directing that this adjudication become final unless exceptions were filed thereto within twenty days. No exceptions were filed. On March 19, 1973, the Superior Court transferred Slotsky's appeal here, presumably because the action was one in equity.

While an adjudication may be made orally in open court at the end of the trial, in such an event the adjudication should forthwith be transcribed and filed in the office of the prothonotary. *See* Pennsylvania Rules of Civil Procedure 1517(b). And the date upon which the order is docketed is the starting date for the appeal time to run. *Burdett Oxygen Co. v. I. R. Wolfe & Sons, Inc.*, 433 Pa. 291, 249 A. 2d 299 (1969). Additionally, where an action such as this is tried before the court without a jury, an appeal does not lie until a court en banc has passed on the exceptions to the trial court's adjudication or, if none are filed, until the prothonotary enters the adjudication as final. *See Community Sports, Inc. v. Oakland Oaks*, 429 Pa. 412, 240 A. 2d 491 (1968); *Meitner v. Scarborough*, 321 Pa. 212, 184 A. 81 (1936); *Frankel v. Reliance Mutual Life Insurance Company of Illinois*, 199 Pa. Superior Ct. 295, 184 A. 2d 305 (1962). Hence, the appeal in this case was premature and must be quashed. However, in the interest of justice the record will be remanded to the trial court with directions to allow Slotsky a reasonable opportunity to file exceptions to the trial court's adjudication of November 20, 1972. After a final order is entered, if either party wishes to appeal, such an appeal should be filed in the Superior Court. An action under the Pennsylvania Business Corporation Law is an action at law and not one in equity.

It is so ordered.