## Wesley v. Funk

*Richard H. Wix,* for plaintiff.
*James W. Evans,* for defendants.

GREEVY, C. F., *J.*, February 6, 1979—The facts surrounding the legal issue involved in this opinion are undisputed. On November 14, 1978, the above-captioned case was begun before this court in a non-jury trial. In the late afternoon of November 17, 1978, the trial concluded, and this court announced its verdict in favor of defendants in open court:

"And now, November 17, 1978, we find in favor of Coleman Funk, David A. Dayton, and the Divine Providence Hospital, defendants, and against Paul D. Wesley, plaintiff. If no exceptions are filed within ten days, the prothonotary shall, on praecipe, enter final judgment on this decision."

The above order was filed in the prothonotary's office the following Monday, November 20, 1978. As no exceptions were filed within 10 days of the date of the court's above order, defendants sought by praecipe to the prothonotary on November 28 to have final judgment entered in their favor. The prothonotary complied with defendants' request. The following day, November 29, plaintiff filed exceptions to this court's decision concerning Coleman Funk and the Divine Providence Hospital. Since no exceptions were filed concerning David A. Dayton, the final judgment entered upon defendants' praecipe is unquestionably correct and binding in relation to defendant Dayton.

On December 5, 1978, plaintiff petitioned this court for a rule upon defendants Funk and Divine Providence Hospital to show cause why the judgment entered in their favor on November 28, 1978, should not be stricken. The sole issue before this court is whether plaintiff's exceptions were timely filed as required by Pa.R.C.P. 1038:

"Rule 1038. Trial without Jury . . . (c) The decision may be made orally in open court at the end of the trial, and in that event shall be forthwith transcribed and filed in the office of the prothonotary, or it may be made thereafter in writing and filed forthwith. In either event the prothonotary shall notify all parties or their attorneys of the date of filing. . . . (d) Within ten (10) days after *notice of the filing of the decision,* exceptions may be filed by any party to the decision. . . .(e) The prothonotary shall, on praecipe, enter final judgment on the decision if no exceptions have been filed within the ten (10) day period. . . ." (Emphasis supplied.)

Defendants contend that the "key to the running of the limitation is the time when notice is received of the decision. . . ." If this interpretation is correct, plaintiff's exceptions were untimely filed because they were not filed within 10 days after all parties received actual notice of the court's decision on November 17, 1978. Defendants concede that if a decision in writing is made after the end of the trial, the prothonotary's notice to the parties of the date of filing of the decision is the crucial date. However, defendants contend that time limitation periods for filing exceptions or taking appeals may vary, depending upon whether the decision is announced orally in open court or later in writing, citing Burdett Oxygen Co. v. I. R. Wolfe & Sons, Inc., 433 Pa. 291, 249 A. 2d 299, 301 (1969).

Defendants' reliance on the dicta in Burdett Oxygen is misplaced. Not only does that case discuss time limitations only in relation to taking an appeal, but later cases ignore the Burdett Oxygen dicta and apply a uniform rule for the commencement of running of the time to appeal regardless of whether the court's decision is done orally in open

court or handed down later in writing: West Penn Power Co. v. Goddard, 460 Pa. 551, 557, 333 A. 2d 909 (1975); Slotsky v. Gellar, 455 Pa. 148, 151, 314 A. 2d 495 (1974).

Defendants also point to the second sentence of this court's order which generally advised counsel of the requirements of Pa.R.C.P. 1038. That sentence did not state at what date the 10 day period for filing exceptions would begin to run. Because of the requirements of Rule 1038, this court intentionally refrained from including the phrase "from this date" after stating: "if no exceptions are filed within ten days."

Rule 1038 clearly states the period for filing exceptions begins, not upon notice of the decision itself but upon "notice of the filing of the decision." The authors of Goodrich-Amram 2d agree that the language of Rule 1038 is clear: "The exceptions must be filed within 20 days after notice of the filing of the decision is received from the prothonotary." 2 Goodrich-Amram 2d, §1038(d):1.

The Court of Common Pleas of Lancaster County when confronted with this issue held: "It is apparent that the event which starts the running of the twenty-day period is the notice of filing of the decision . . ." Greenberg & Sons, Inc. v. Kolb, Inc., 65 Lanc. 213, 214 (1976). We agree and hold that the period for filing exceptions begins when the prothonotary gives each party notice of the filing of the court's decision rather than when the parties first learn of the court's decision.

Since plaintiff's exceptions were filed within 10

days of the date on which the prothonotary gave each party notice of the filing of this court's decision, the exceptions were timely filed and will be considered by this court. On the other hand, defendants' praecipe for final judgment was filed prematurely, thereby necessitating that the final judgments obtained in favor of defendants Coleman Funk and Divine Providence Hospital be stricken. Because no exceptions were filed concerning defendant David A. Dayton, the final judgment entered by the prothonotary in his favor is proper and will not be stricken.

In accordance with the above opinion, we enter the following

## ORDER

And now, February 6, 1979, upon petition of plaintiff for a rule to show cause why the judgment entered in favor of defendants Coleman Funk and Divine Providence Hospital should not be stricken, the rule is made absolute, and it is ordered and directed that judgment entered in favor of defendants Coleman Funk and Divine Providence Hospital by the prothonotary be stricken and plaintiff's exceptions to this court's decision be considered.