448 A.2d 626

**Judith E. HERTZ a/k/a Judy E. Hertz, Appellant,**

**v.**

**Jack F. HERTZ.**

Superior Court of Pennsylvania.

Argued Dec. 2, 1981.

Filed July 23, 1982.

260

Larry W. Wolf, Hanover, for appellant.

David Kostka James, Gettysburg, for appellee.

Before WICKERSHAM, WIEAND and MONTEMURO, JJ.

MONTEMURO, Judge:

Appellant, Judith E. Hertz, brought an action for a declaratory judgment under § 206 of the Divorce Code [1] to adjudicate the validity of her alleged common law marriage with the appellee, Jack F. Hertz. On November 10, 1980 and on December 10, 1980, the lower court heard testimony on the matter and filed an opinion and order on March 2, 1981 declaring that the common law marriage was invalid. No exceptions were filed. On March 27, 1981 the appellant filed this appeal from the lower court's order.

Appellant contends on this appeal that the clear weight of the evidence was contrary to the declaratory order and that the lower court abused its discretion in finding that the parties did not form a common law marriage. We cannot, however, review appellant's contentions where there has

1. 23 Pa.C.S.A. § 206.

been noncompliance with the appropriate procedural rules applicable in actions for declaratory judgment. Accordingly, the appeal must be quashed.

Pursuant to Pa.R.C.P. 1601(a), the practice and procedure in actions for declaratory judgment must follow "as nearly as may be, the rules governing the Action in Equity," This requires the lower court to enter an adjudication in accordance with Pa.R.C.P. 1517, the filing of exceptions thereto and subsequent disposition by a court *en banc* under Pa.R.C.P. 1518, and the entering of a final decree, whether or not exceptions have been filed, as provided by Pa.R.C.P. 1519.

Appellant's statement of jurisdiction asserts that the appeal is properly before this court pursuant to 42 Pa.C.S.A. § 7532. This Section, in pertinent part, provides as follows:

The declaration may be either affirmative or negative in form and effect, and *such declaration shall have the force of a final judgment or decree.* (Emphasis added)

Appellant interprets this section to mean that the lower court's order is a final judgment from which an appeal can be taken, without complying with the post-trial procedural rules set forth in Pa.R.C.P. 1517—1519. We do not agree with this construction.

Section 7532 merely determines that the *ultimate* "force and effect" of a declaratory judgment shall be no different than any other final judgment or decree. This, however, does not mean that procedural rules have been abrogated in favor of making a declaratory judgment immediately appealable. Appellant's construction would not only be inconsistent with Pa.R.C.P. 1601(a) which requires "as nearly as may be" the following of the rules in equity in actions for declaratory judgment, but would generally contradict the power vested in the Supreme Court of Pennsylvania "to prescribe the general rules governing the practice, procedure and the conduct of all courts . . . [and] judgments or decrees of any court." Pa.Const. art. 5, § 10. Although the Supreme Court has no authority to affect the power of the legislature "to determine the jurisdiction of any court,"

*idem,* the substance of what constitutes a final judgment, order or decree is a matter of procedural distinction.

In the instant case, while we may construe the lower court's opinion and order as an adjudication and decree nisi, "... the record discloses neither the filing and disposition of exceptions thereto and the subsequent entry of a final decree, nor the entry of the order as a final decree by praecipe after the passage of the time allowed for the filing of exceptions (See Pa.R.C.P. 1518 and 1519)." *Taylor v. Butterbaugh,* 421 Pa. 10, 11, 218 A.2d 731, 732 (1966). It has been held that "where an action . . . is tried before the court without a jury, an appeal does not lie until a court *en banc* has passed on the exceptions to the trial court's adjudication or, if none are filed, until the prothonotary enters the adjudication as final." *Slotsky v. Gellar,* 455 Pa. 148, 151, 314 A.2d 495, 496 (1974). Since these requirements were not adhered to in this case, the appeal is premature and must be quashed.

Appeal quashed.

WICKERSHAM, J., files a dissenting opinion.

WICKERSHAM, Judge, dissenting:

On March 2, 1981 President Judge Oscar F. Spicer filed a memorandum opinion and an order of court deciding that the alleged marriage subsisting between the parties, Judith E. Hertz and Jack F. Hertz after 1973 "is hereby declared to be invalid." From this apparently final order, Judith E. Hertz took this appeal which the majority now quashes as premature. By so doing, the majority places form over substance.

I would remand the record to the lower court with directions that the procedures set forth in Rule 1517 of the Pennsylvania Rules of Civil Procedure be specifically followed. Rule 1517 provides as follows:

(a) The court shall make an adjudication and may do so before the testimony has been transcribed. The adjudication shall consist of (1) a statement of the issues; (2) a

closely condensed chronological statement, in narrative form or in separate findings, of all the facts which are necessary to be known in order to determine the issues; (3) a discussion of the questions of law involved and the court's conclusions of law and (4) a decree nisi.

(b) The adjudication may be made orally in open court at the end of the trial, and in that event shall be forthwith transcribed and filed in the office of the prothonotary, or it may be made thereafter in writing and filed forthwith. In either event the prothonotary shall notify all parties or their attorneys of the date of filing.

Had the lower court clearly made "an adjudication" consisting of the various parts set forth in Rule 1517 including a decree *nisi*, then counsel for appellant Judith E. Hertz would have been on notice to and required to file exceptions under Rule 1518, Pa.R.C.P. which provides as follows:

Within ten (10) days after notice of the filing of the adjudication exceptions may be filed by any party to rulings on objections to evidence, to statements or finding of fact, to conclusions of law, to the decree nisi or in cases where requests for findings of fact or conclusions of law have been submitted by leave of court to a failure or refusal to find any matter of fact or substantially as requested. Each exception shall set forth a separate objection precisely and without discussion. Matters not covered by exceptions are deemed waived, unless, prior to final decree, leave is granted to file exceptions raising these matters.

Thereafter a final decree under Rule 1519 would have been entered in due course. This decree would have been entered on the judgment index of the law side of the court pursuant to Rule 1521 of the Pennsylvania Rules of Civil Procedure. After entry of judgment the present appeal could have been properly taken.

Since I find that the lower court did not specifically and clearly follow the mandate of Rule 1517, it is in my judgment too harsh to quash the present appeal and leave the appellant in limbo, or worse, out of court entirely.

264

Accordingly, I would remand with directions consistent with this dissenting opinion.