479 A.2d 1061

**Frederick R. STORTI, Appellant,**

v.

**MINNESOTA MUTUAL LIFE INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued May 9, 1984.

Filed July 27, 1984.

Mark Ryan, Norristown, for appellant.

William H. Bradbury, III, Norristown, for appellee.

Before WICKERSHAM, WIEAND and LIPEZ, JJ.

WIEAND, Judge:

Frederick R. Storti has appealed from a declaratory judgment construing in favor of the insurer a group disability policy of insurance issued by Minnesota Mutual Life Insurance Company. After careful review, we affirm.

The provisions of Pa.R.C.P. 1601(a) require that in an action for declaratory judgment "[t]he practice and procedure shall follow, as nearly as may be, the rules governing the Action in Equity." This Court, in *Hertz v. Hertz,* 302 Pa.Super. 259, 448 A.2d 626 (1982), interpreted the rule to require "an adjudication in accordance with Pa.R.C.P. 1517, the filing of exceptions thereto and subsequent disposition by a court *en banc* under Pa.R.C.P. 1518...." *Id.,* 302 Pa.Superior Ct. at 261, 448 A.2d at 627. In the usual declaratory judgment proceeding, this Court will refuse to consider an issue which has not been preserved by the filing of exceptions to the order or decree entered by the trial court. In this case, however, the order from which the appeal was taken contained no findings of fact, no conclusions of law, and no language to suggest that the order was anything but a final order or that the parties were required to file exceptions to perfect a right of appeal. Where an order neither comports with the requirements of Pa.R.C.P. 1517 nor contains a suggestion that exceptions must be filed in order to preserve a right of appeal, the failure to file exceptions will be excused. *Commonwealth v. Derry*

*Township,* 466 Pa. 31, 41–42, 351 A.2d 606, 611 (1976); *Barton v. Penco,* 292 Pa.Super. 202, 204, 436 A.2d 1222, 1223 (1981); *Greenwood Township v. Kefo, Inc.,* 52 Pa. Cmwlth. 367, 370, 416 A.2d 583, 584–585 (1980). The failure to file exceptions in the instant case, therefore, will not defeat appellate review.

 The substantive issues involved in this action were well stated and correctly decided by the learned trial judge. We adopt the following portions of his opinion. "In January, 1975 Frederick B. Storti was issued an insurance certificate by Minnesota Mutual Life Insurance Co. (Minnesota) by which he was assured his mortgage payments would be paid should he become disabled. It was a group policy, with the master policy on file with the First Federal Savings & Loan Association of Lansdale, his mortgagee. The policy provided:

Such payments shall be subject to the maximum benefit period which is determined by the following schedule:

| Attained Age on Date of Disability | Maximum Benefit Period |
|---|---|
| Under age 50 | 60 Months |
| 50–54 | 24 Months |
| 55–59 | 12 Months |
| 60–64 | 6 Months |

"Storti had earlier submitted an application, a photocopy of which was returned to him together with a certificate of insurance. The certificate described essential features of the insurance policy including the monthly benefit but failed to state the benefit periods set forth in the policy.

"In December, 1976[,] at age 51[,] Storti became disabled. Pursuant to the maximum benefit term of the policy[,] he received 24 months of benefits. In September, 1978 he was notified that benefits would end in December. He responded with a letter dated September 21, 1978 claiming benefits should continue for five years, or until 1981. Four days later on the 25th he wrote again, stating instead that benefits should continue until age 65 or until the loan was paid in full. Storti maintained this second position at trial, relying on the following language in the certificate:

TERMINATION AND REINSTATEMENT OF IN-SUR[AN]CE—

Your insurance under the policy shall terminate on the date (1) the loan is paid in full; (2) you voluntarily transfer all of your interest in the loan security; (3) the Policyholder absolutely assigns the mortgage loan requiring that the monthly mortgage payments be made to another creditor; (4) you attain your 65th birthday; (5) the policy is terminated.

"Reliance upon this clause is misplaced[,] as a cursory reading discloses; it concerns not benefits but the period of time during which the policy was to remain in force. Nevertheless, Storti claims defendant should be bound by the terms contained in the certificate, and therefore estopped from limiting the benefit period since it did not appear in the certificate.

"An insured's contract in a group policy includes the master policy as well as the certificate issued to a member of the group. *Ozanich v. Metropolitan Life Ins[urance] Co.*, 119 Pa.Super. 52[, 56, 180 A. 67, 68] (1935). The group policy is the principal contract and the insured has no greater rights than provided in that policy. *Brown v. Carngie[-]Illinois Steel Corp.*, 168 Pa.Super. 380[, 383, 77 A.2d 655, 656, *aff'd*, 368 Pa. 166, 81 A.2d 562] (1951). The present certificate provided that '[t]he benefits described in this certificate are subject in every respect to the policy which alone constitutes the agreement under which payments are made.' This provision gave notice to plaintiff that the term 'maximum benefit period', mentioned but not defined in the certificate, would be set forth in its entirety by the group policy."

■ This was not a case in which the certificate contained provisions contrary to the policy. Although the certificate did not contain a precise statement of the period during which the company would pay benefits, the language of the certificate did not mislead the holder. Rather, it directed the holder to the provisions of the policy which did contain a specific statement of benefits. We agree with the trial

court that these circumstances did not constitute an estoppel or justify appellant's attempt to translate a statement of the term or duration of coverage into a statement of benefits which the insurer would pay.

The order is affirmed.