1999 PA Super 15

**PLOWMAN, SPIEGEL & LEWIS, P.C.**

**v.**

**Glenn F. STRAUB and Burrell Industries, Inc., Appellants.**

Superior Court of Pennsylvania.

Filed Jan. 22, 1999.

Larry A. Zink, Canton, Ohio, for appellants.

Kurt F. Fernsler, Pittsburgh, for appellee.

Before CAVANAUGH, HUDOCK and SCHILLER, JJ.

OPINION PER CURIAM:

¶ 1 This is an appeal from a judgment after an order entered in the Court of Common Pleas of Allegheny County, awarding $17,-593.73 to the Plaintiff–Appellee, Plowman, Spiegel & Lewis, P.C. Appellee seeks to dismiss this appeal due to appellants' failure to file post-trial motions following the trial court's order. For the reasons that follow, we affirm the judgment below.

¶ 2 The instant action was initiated by appellee to recover attorney's fees from appellants. Appellee billed appellants for $103,978.57, but appellants only paid $86,-384.85. Appellee sued for the difference. On October 20, 1998, the trial court entered a "Non–Jury Verdict" in favor of appellee for $17,593.73. This verdict was docketed on October 21, 1998 and on October 22, 1998, notice was sent pursuant to Pa.R.C.P. 236. No post-trial motions were filed. On November 4, 1998, appellant filed a praecipe for judgment. The instant appeal was filed on November 12, 1998.

■ ¶ 3 Post-trial motions must be filed following a non-jury trial in order to preserve issues for appeal. Pa.R.C.P. 227.1(a) and (c)(2). *See also Krystal Development Corp. v. Rose*, 704 A.2d 1102 (Pa.Super.1997). In their response to the motion to quash, appellants argue that the trial court's verdict was not a "decision" as denominated in Pa.R.C.P. 227.1(c)(2), and as it contained no findings of fact or conclusions of law. Appellants further argue that the trial court erred in entering a "verdict" as verdicts are only to be entered by a jury. Appellants rely upon *Sands v. Andino*, 404 Pa.Super. 238, 590 A.2d 761 (1991) in support of their argument. It is true that in *Sands*, this court opined that trial judges are to enter "decisions" while juries enter "verdicts." There, however, the appeal involved neither a "verdict" nor a "decision" as the trial court entered a "judgment." Although this court suggested the procedural difference, the distinction was

not pertinent to the decision. *Sands, Id.* at 764. The same applies instantly. Whether the trial court referred to its determination as a decision or verdict, Rule 227.1 still requires the filing of post-trial motions. *See* Pa.R.C.P. 227.1(c)(1) and (2).

 ¶ 4 Finally, appellants claim that post-trial motions may be excused under the circumstances of the case. Appellants cite to *Palladino v. Dunn*, 361 Pa.Super. 99, 521 A.2d 946 (1987) and *Daley–Sand v. West American Insurance Co.*, 387 Pa.Super. 630, 564 A.2d 965 (1989). In both of those cases this court excused the appellant's failure to file post-trial motions based upon *Storti v. Minnesota Mutual Life Insurance Co.*, 331 Pa.Super. 26, 479 A.2d 1061 (1984). *Storti* was a declaratory judgment action. Pa. R.C.P. 1601(a) provides that the practice and procedure governing declaratory judgments shall follow the rules of equity. Pa.R.C.P. 1517(a) provides that, in an action in equity, the trial court shall make an adjudication consisting of a statement of the issues, factual findings, conclusions of law and a *decree nisi*. In *Storti*, the trial court did not follow the dictates of Rule 1517(a) and this court found that because the trial court's order contained no language to suggest that it was anything but final, the appellant was excused from filing exceptions. *Storti*, at 1062. Like *Storti*, *Palladino and Daley–Sand* were declaratory judgment actions in which the trial court did not comport with Rule 1517(a).

¶ 5 A recent Pennsylvania Supreme Court decision calls into question *Storti's* continued viability. In *Lane Enterprises v. L.B. Foster Co.*, 551 Pa. 306, 710 A.2d 54 (1998), and *Foster v. Lane Enterprises*, 551 Pa. 307, 710 A.2d 55 (1998), the Supreme Court held that failure to file post-trial motions results in waiver of issues on appeal. These decisions reversed the holding of the Superior Court where the absence of post-trial motions in an action at law was excused on the basis of *Storti, supra.* While the Supreme Court did not specifically address *Storti*, its reversal of *Lane & Foster* make it clear that a party's failure to file post-trial motions constitute irreversible waiver. As for the difference between actions at law and those in equity, we find the distinction to be irrelevant to the

question of issue preservation. Post-trial practice for equity actions is to follow Pa. R.C.P. 227.1. *See* Note to Pa.R.C.P. 1518 (rescinded).

¶ 6 Accordingly, we find no justification for appellants' failure to file post-trial motions in the instant action at law.

¶ 7 Judgment affirmed.