Stephen B. CERNIGA and Genevieve S. Cerniga, his wife; John Andreyko and Margaret Andreyko, his wife; Anna Andreyko; Michael Kanca and Mary Louise Kanca, his wife; Edward John Kepich and Gertrude D. Kepich, his wife, Appellees,

v.

**MON VALLEY SPEED BOAT CLUB, INC., a Pennsylvania Corporation, Appellant.**

Superior Court of Pennsylvania.

Argued May 18, 2004.

Filed Nov. 23, 2004.

William J. Helzlsouer, Dravosburg, for appellant.

George S. Gobel, McKeesport, for appellees.

BEFORE: ORIE MELVIN, TODD, and McCAFFERY, JJ.

OPINION BY TODD, J.:

¶ 1 Mon Valley Speed Boat Club, Inc. ("Boat Club") appeals from the May 2,

2003 order of the Allegheny County Court of Common Pleas directing that Boat Club be evicted and granting adverse possession to Appellees. Also before this Court is Appellees' motion to quash and/or dismiss the instant appeal.[1] For the reasons that follow, we grant Appellees' motion and quash Boat Club's appeal.

¶ 2 The background of the instant case is as follows: Appellees each own an adjoining lot of property located in McKeesport, Pennsylvania, near the Monongahela River. Each of Appellees' titles describes a parcel of land that extends 100 feet in length; Appellees claim that they also own land that extends behind their described parcels to the river. In 1983, Boat Club acquired property that abuts Appellees' properties. On April 5, 1991, Boat Club entered onto the disputed properties, and tore down and removed property situated thereon. Thereafter, Appellees filed a civil action in ejectment, claiming by adverse possession the land extending from behind their respective properties to the river and seeking damages. Boat Club filed a counterclaim to quiet title. Following a non-jury trial, the trial court determined that Appellees had established a claim of adverse possession, and that Boat Club failed to establish title to the disputed land. A verdict was entered in favor of Appellees, after which the trial court entered a molded verdict awarding damages on July 18, 1998. Boat Club filed timely post-trial motions, which were denied by the trial court, and Boat Club appealed.

¶ 3 On appeal, this Court vacated the trial court's order and remanded for additional factual findings and conclusions of law on the issues of adverse possession

and the applicability of *Baylor v. Soska*, 540 Pa. 435, 658 A.2d 743 (1995), on the issue of tacking. Following remand, the trial court filed an opinion and additional findings of fact and conclusions of law, and entered an order dated May 2, 2003 directing that Boat Club be evicted and awarding Appellees title to the land based on adverse possession. Boat Club did not file new post-trial motions, but directly appealed. On July 28, 2003, judgment was entered in favor of Appellees.

¶ 4 On appeal, Boat Club presents the following issues for review:

1. Did the Trial Court err in failing to perform the analysis of the deed and chain of title from the common ancestor as required by the Superior Court on remand as required in the language in Superior Court Memorandum directing that each instrument of conveyance must be examined to determine if it contains a minimally acceptable description of "that which is intended to be conveyed." *Baylor, supra* at 441, 658 A.2d at 746.

2. Did the trial court err in finding: "Furthermore, even if any deed from Plaintiffs' parents mistakenly does not include a description of the Disputed Property, this only means that their parents (or the parents' estates) still own it. That mistaken description does not accrue to Defendant's benefit because Defendant did not show that the rights to the portion of the riverbed behind Plaintiffs' lots and above the low water mark were ever transferred by Mabel Young (or Jane Jutte) to William

---

1. We note that Boat Club has failed to file a reply to Appellees' motion to quash the appeal.

L. Buck. This was not proven and probably did not occur." The positive import of the failure to include in the description reference to the disputed property in a document, which must be construed against the drafter, is that the grantors recognized ownership of the property as defined by the 100–foot distance from the road, or either had no or abandoned any adverse possession claim.

3. The trial court erred in finding of Claimant's riparian rights as a basis upon which to enter verdict for Claimants. The find[ing] is not supported in the record.

(Appellant's Brief at 4.)

¶ 5 Prior to addressing the merits of Boat Club's claims, however, we must address Appellees' motion to quash the instant appeal. Appellees argue that Boat Club has failed to preserve any issues for appeal by failing to file post-trial motions after the trial court entered additional findings of fact and entered a new order. We are constrained to agree.

¶ 6 Rule 227.1(c) of the Pennsylvania Rules of Civil Procedure provides:

(c) Post-trial motions shall be filed within ten days after

(1) verdict, discharge of the jury because of inability to agree, or nonsuit in the case of a jury trial; or

(2) notice of nonsuit or the filing of the decision in the case of a trial without jury.

Pa.R.Civ.P. 227.1(c). Our Supreme Court has held that the filing of post-trial motions is mandatory if a litigant wishes to preserve issues for appellate review, and if an issue has not been raised in a post-trial motion, it is waived for purposes of appellate review. *L.B. Foster Co. v. Lane Enterprises, Inc.,* 551 Pa. 307, 710 A.2d 55 (1998); *Lenhart v. Cigna Companies,* 824 A.2d 1193 (Pa.Super.2003).

¶ 7 Moreover, in *Chalkey v. Roush,* 569 Pa. 462, 805 A.2d 491 (2002), our Supreme Court held, for prospective application, that Rule 227.1 requires the filing of post-trial motions "from a trial court's order following a trial in both actions at law and in equity in order to properly preserve issues that they wish to raise on appeal." *Id.* at 464, 805 A.2d at 492. The Court noted that "[t]he purpose for Rule 227.1 is to provide the trial court with an opportunity to correct errors in its ruling and avert the need for appellate review." *Id.* at 467 n. 9, 805 A.2d at 494 n. 9.

¶ 8 We recognize that in the instant case, Boat Club did, in fact, file post-trial motions following the trial court's original order of July 26, 1998 wherein the court held that Appellees had obtained the right to the disputed property by adverse possession. However, on direct appeal, this Court vacated the trial court's order and remanded the case to the trial court with instructions that the court make additional findings of fact and conclusions of law, and the trial court did indeed make additional factual findings and legal conclusions on remand. By failing to file post-trial motions to the trial court's new order, which was based on these new factual findings and conclusions of law, Boat Club frustrated the purpose of Rule 227.1 and deprived the trial court of an opportunity to correct any errors in its new ruling, albeit one that was consistent with its prior ruling. Indeed, some of the issues which Boat Club now raises on appeal specifically involve the additional factual findings and legal conclusions entered by the trial court on

remand. Accordingly, we conclude that Boat Club was required under Rule 227.1 to file post-trial motions to the trial court's May 2, 2003 order, and that by failing to do so, Boat Club has failed to preserve any issues for appellate review.[2] We therefore grant Appellees' motion and quash the instant appeal.

¶ 9 Appeal **QUASHED.**

---

2. In a letter to Boat Club, this Court's Central Legal Staff advised Boat Club that as a result of its failure to file post-trial motions, Boat Club may have failed to preserve any issues for appellate review, and requested that Boat Club provide a response to such assertion. In a reply letter, Boat Club indicated that it had filed a concise statement of matters complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure at the direction of the trial court, and that the trial court had filed an opinion in response to Boat Club's 1925(b) statement. To the extent that Boat Club suggests that its 1925(b) statement was sufficient to preserve its issues for review, we note that this Court specifically has held that "the filing of a 1925(b) statement does not excuse the failure to file post-trial motions and does not revive or preserve issues that are waived for failure to file post-trial motions." *Diamond Reo Truck Co. v. Mid–Pacific Industries, Inc.*, 806 A.2d 423, 429 (Pa.Super.2002). Furthermore, following our review of Boat Club's prior appeal to this Court, we reject Boat Club's assertion that the issues raised in the instant appeal are the same as those raised in the prior appeal, and were preserved via Boat Club's exceptions to the trial court's original order. Indeed, as we have already noted, the issues contained in Boat Club's Statement of Questions pertain specifically to the additional findings of fact and conclusions of law entered by the trial court on remand.