**NEWMAN DEVELOPMENT GROUP OF POTTSTOWN, LLC, Appellee**

v.

**GENUARDI'S FAMILY MARKET, INC. and Safeway, Inc., Appellants**

Superior Court of Pennsylvania.

Argued Oct. 26, 2010.
Filed March 18, 2011.
Reargument Denied May 23, 2011.

Nancy L. Winkelman, Philadelphia, for appellants.

Thomas A. Riley, Jr., Exton, for appellee.

BEFORE: FORD ELLIOTT, P.J., STEVENS, and DONOHUE, JJ.

OPINION BY STEVENS, J.:

Genuardi's Family Markets, Inc. and Safeway Inc. appeal a February 25, 2010 judgment entered in the Court of Common Pleas of Chester County in favor of Newman Development Group of Pottstown, LLC. For the reasons discussed below, we quash this appeal.

This matter stems from a dispute over a commercial lease originally entered into by Genuardi's and Newman, in order for Genuardi's to lease space in a shopping center to be built by Newman. Negotiations began in 1998, and the lease was eventually signed in April, 2000. Genuardi's was subsequently acquired by Safeway, to whom the lease was assigned by agreement of the parties in February, 2001. By February 13, 2002, however, Safeway informed Newman that it was terminating the lease due to Newman's failure to meet certain deadlines. Newman responded by filing a complaint against Genuardi's and Safeway, alleging anticipatory breach of the lease agreement. A lengthy non-jury trial was conducted before the Honorable William P. Mahon in October, 2005.[1]

Based on Judge Mahon's determination that Genuardi's and Safeway (hereafter Appellants) had breached the lease, judgment was entered in favor of Newman (hereafter Appellee) in the amount of $131,277.00.[2] Order filed 9/6/06. Following post-trial motions from both parties,[3] Judge Mahon denied Appellants' post-trial motion, and granted Appellee's post-trial motion, in part, resulting in an increase in the damage award to $316,889.92.[4] Order filed 12/19/06.

The parties filed cross-appeals, and the panel of this Court to which the matter was assigned addressed the following two

---

1. The shopping center was finally completed in 2005. Its construction accommodated a PETsMart and a Michael's instead of the Genuardi's/Safeway. Appellee received rent payments from these two replacement tenants, but shortly afterward, on December 28, 2005, it sold the entire shopping center to a buyer unrelated to this action.

2. Judge Mahon determined that Appellee would have been entitled to rent from Appellants from June 25, 2005 until Appellee sold the shopping center in December 2005. Opinion filed 8/15/06 at 13. The damage award thus represented the amount of rent

owed by Appellants, minus the rent received from the replacement tenants. *Id.*

3. Appellants' post-trial motion challenged the finding of liability and the damages awarded. Post–Trial Motion filed 9/28/06.

4. In so ordering, Judge Mahon explained that the replacement tenants had not begun paying rent until December 1, 2005, thus Appellee was entitled to the rent it would have received from Appellants from June 25, 2005 until December 1, 2005, with no offset for the rent paid by the replacement tenants. Order filed 12/19/06 at 2, fn. 2.

issues: (1) whether Judge Mahon erred in determining that Appellants had breached an enforceable promise, and (2) whether Judge Mahon properly determined the amount of damages arising from the breach. Memorandum filed 4/25/08 at 7–8. After careful consideration, this Court affirmed Judge Mahon's decision to the extent that it found Appellants in breach of the lease, but vacated and remanded the award of damages in Appellee's favor on the grounds that Judge Mahon erred in failing to enforce the measure of damages set forth by Section 20.2.2 of the lease. *Id.*

On remand, Judge Mahon received legal memoranda from the parties, and conducted oral argument, but received no additional evidence. He then issued an Opinion on January 15, 2010, which stated in pertinent part:

> Based upon [the] clear language and the holding in the Superior Court's decision, [Appellee] has established an expectation interest in total rent over the entire twenty (20) year term of the lease with Safeway in the amount of $15,104,960. The record further supports that [Appellee] entered into leases with replacement tenants for a period of only ten (10) years in an amount of $4,610,470. This amount, when subtracted from total expected rent, equals a net damages amount of $10,494,490 in rent expectation damages. There are also brokerage commission costs for the replacement tenants of $30,808 proven by [Appellee] to secure the substitute tenants in this matter.[4]

[Appellants] have provided the Court with no persuasive authority that the amount of damages should be reduced to present value. The Superior Court was clear that the damage formula agreed to by the parties in § 20.2.2 of the lease provided an agreed upon damage calculation for actual damages for the lost expected rents, less appropriate set offs, accelerated to the date of breach. The agreed upon damage calculation language clearly does not require reduction to present value.

> [B]oth parties are seeking counsel fees pursuant to the terms of the lease agreement. [Appellee] is entitled to reasonable counsel fees and expenses pursuant to § 20.4 and also as the prevailing party under § 24.10. Counsel for the parties shall contact this Court within ten (10) days of the entry of this Opinion about the need for an evidentiary hearing to determine [Appellee's] expenses and reasonable counsel fees.

> Interest is awarded from the date of the anticipatory breach of the contract on February 13, 2002 pursuant to §§ 20.4 and 1.15 of the lease. Counsel for the parties shall contact this Court within ten (10) days if an agreed upon interest calculation cannot be achieved.

> This Opinion shall not be the final award of damages. The Court will issue another Order to include the total amount of damages awarded, plus interest, counsel fees and expenses.

> ⁴ See footnote 9 contained in the Superior Court's decision of April 25, 2008.[5] The

---

**5.** Footnote 9 stated:

In measuring the damages according the contractual remedies provision, it merits mention that the trial court should account for the costs incurred by Newman for reletting. However, in its opinion filed in support of this appeal, the trial court observed that it made a credibility determination between the testimony that Newman (1) had

incurred costs of $536,629.00, and (2) had realized a savings of $505,821.00, and found that Newman realized a savings in the cost of constructing the premises for PetSmart and Michael's Arts and Crafts, rather than Genuardi's.

Since the trial court's determination was amply supported in the record, we decline to disturb this specific finding, and need

trial court did not find the testimony offered by Marc Newman creditable on the issue of additional construction costs. [Appellee's] damage expert, Mr. Richard Marchitelli, testified that [Appellee] realized a savings of $505,821, in construction costs to accommodate the replacement tenants.... The Court credited this testimony. Mr. Newman testified that there was an addition[al] $536,629 in construction costs and leasing commissions. The Court has subtracted Mr. Marchitelli's construction savings from Mr. Newman's figure.

*Id.* at 1–2 (footnotes and citations inapplicable to the issues addressed on appeal omitted). Thus Judge Mahon concluded that (1) Appellee is entitled to damages in the amount of $10,525,298 ($10,494,490 in rent expectation damages, and $30,808 in reletting expenses);[6] (2) Appellants failed to prove that the amount of damages should be reduced to present value; (3) Appellee is entitled to reasonable counsel fees and expenses, to be determined; and (4) Appellee is entitled to interest from the

date of the anticipatory breach, to be determined.

On February 17, 2010, Appellants filed a "Motion for Reconsideration" of the January 15th Opinion,[7] which Judge Mahon denied by order dated February 25, 2010, filed March 3, 2010. He separately but simultaneously authored and filed the following:

### VERDICT

AND NOW, this 25th day of February, 2010, pursuant to the Opinion of this Court dated January 15, 2010, Affidavits submitted by [Appellee], and correspondence from [Appellants] dated February 17, 2010, it is hereby ORDERED and DECREED that judgment in entered in favor of [Appellee] in the amount of $18,489,221.60[1] with post-judgment interest to accrue at the rate of Prime plus two percent (2%).

---

only note that any cost savings associated with Safeway's breach must be deducted from the trial court's assessment of damages.
Memorandum filed 4/25/08 at 19.

6. Judge Mahon arrived at the $30,808 reletting expense figure by subtracting $505,821 (the amount saved in construction costs to accommodate the replacement tenants, as testified to by Appellee's damage expert) from $536,629 (the additional construction costs and leasing commission testified to by Mr. Newman himself). Opinion filed 1/15/10 at 2, fn. 4.

7. Since Appellants had not appealed the January 15th Opinion, the Motion for Reconsideration does not appear to have been properly filed under Pa.R.A.P. 1701(b)(3) (which allows a trial court to grant reconsideration of an order which has been appealed). Instead, from its content, the Motion for Reconsideration seemed to perform the function of a post-trial motion, through which a party may ask the court to affirm, modify or change its decision. *Gemini Equipment v. Pennsy Supply*, 407 Pa.Super. 404, 595 A.2d 1211, 1214

(1991) (wherein the Court found that "[i]n substance, Gemini's 'Petition for Reconsideration' was intended to perform [the function of a post-trial motion]."). In the instant case Appellants' motion asked Judge Mahon to "subtract Mr. Marchitelli's calculation of savings resulting from building the shopping center without Genuardi's (i.e., $505,821) from the damages—not from Mr. Newman's non-credible calculation," on the grounds that Mr. Newman's calculation was inapplicable to determining damages since both Judge Mahon and the Superior Court had found it not credible. Memorandum of Law filed 2/17/10 at 5 (The Motion for Reconsideration itself contained no grounds for relief, but instead relied on the arguments set forth in an accompanying Memorandum of Law). The motion also asked Judge Mahon to change the portion of the damage calculation which assumed no mitigation for the second ten years on the 20 year lease on the grounds that Judge Mahon had previously found "highly unreliable" Appellee's analysis which assumed no mitigation during the second ten year period, and the Superior Court had left this conclusion undisturbed, making it law of the case. *Id.* at 6, 9–10.

[1] The Verdict consists of $10,494,490.00 expectation damages, $30,808.00 reletting expenses, $6,279,734.26 interest, $1,684,189.34 in attorney fees, costs and expenses with interest. The Court reserves determination of further attorney fees, costs, expenses and interest until the appellate process has concluded. In the event that neither party appeals this Verdict, the Court will address these issues thirty (30) days from the entry of this Verdict. The Trial Court considers this Verdict to be appealable, and would otherwise certify the verdict for appellate review.

Verdict dated 2/25/10, filed 3/1/10.

Appellants filed no motions (either "post-trial" or "for reconsideration") to the February decision. Instead, they filed a direct appeal on March 19, 2010. Their court-ordered Pa.R.A.P. 1925(b) statement raises the following issues:

1. The Court erred in awarding [Appellee] $10,525,298 in combined rent expectation damages and reletting expenses where the proper figure is $1,905,248 taking into consideration (a) the need to reduce future damages to present value; (b) the need to account for the probability of mitigation over the second half of [Appellants'] twenty-year lease; and (c) this Court's previous finding (which was affirmed on appeal) that [Appellee] had failed to prove any amount in reletting expenses and in fact realized a savings of $505,821 in construction costs as a consequence of [Appellants'] breach.

2. The Court erred in declining to reduce [Appellee's] rent expectation damages to present value where (a) the Superior Court instructed that [Appellee] be awarded damages based on "the value of [Appellants'] performance," and such value must be measured in terms of the present value of that future performance; (b) the damages calculation [Appellee] previously submitted to this Court, and defended before the Superior Court, reflected a reduction to present value; and (c) Pennsylvania law provides that, while an anticipatory breach gives the non-breaching party a right to sue immediately for all future non-performance, it does not accelerate the date of performance.

3. The Court erred in awarding [Appellee] rent expectation damages based on the assumption that three would be no mitigation for the second half of [Appellants'] twenty-year lease term where (a) experts for both parties testified that calculating the twenty-year value of the agreements reached with the substitute tenants requires assuming a 50% renewal probability for each lease; (b) the damages calculation [Appellee] previously submitted to this Court, and defended before the Superior Court, reflected that 50% renewal assumption; and (c) this Court had previously found [Appellee's] damages submission "unreliable" precisely because it was based on an assumption of no mitigation for the second ten years of the lease term and [Appellee] did not challenge that finding on appeal.

4. The Court erred in applying prejudgment interest to all of [Appellee's] rent expectation damages as of the date of [Appellants'] anticipatory breach (February 2002) where, in cases of anticipatory breach, prejudgment interest does not begin to run until performance would have come due (starting in June 2005).

5. The Court erred in subtracting the savings [Appellee] realized in construction costs as a consequence of Genuardi's breach ($505,821) from [Appellee's] asserted reletting expenses ($536,629)—rather than subtracting that cost savings from [Appellee's] total rent expectation damages—where this Court previously found the $536,629 figure not credible and the Superior Court affirmed that finding.

6. The Court erred in awarding [Appellee] prejudgment interest on its attor-

neys' fees, costs and expenses, where [Appellee's] right to those sums did not accrue until the Court entered a final judgment establishing [Appellee'] prevailing party status.

Appellants' Rule 1925(b) Statement filed 4/7/10 at 2–3.[8] In light of these alleged errors, Appellants request that we:

vacate the trial court's award of 18,489,-221.60 and remand the case to the trial court with instructions: (1) to reduce [Appellee's] damages for lost future rent payments to present value; (2) to reduce [Appellee's] damages for lost future rent payments to reflect mitigation for the second ten years of the Lease term; (3) to award prejudgment interest on [Appellee's] damages for lost rent payments only as of the date those payments would have come due under the Lease; (4) to eliminate the award of $30,808 in reletting expenses, subtract the $505,821 in cost savings from [Appellee's] total damages for lost rent, and adjust the interest award accordingly; and (5) to eliminate the award of prejudgment interest on [Appellee's] attorney's fees and costs.

Appellants' brief at 44.

■ In response to Appellants' claims of trial court error, Appellee argues that the failure to raise them in a post-trial motion has resulted in waiver on appeal, pursuant to Pa.R.C.P. 227.1.[9] Following our review of the record, and the applicable case and statutory law, we agree with Appellee that the circumstances of this matter required the filing of post-trial motions, and Appellants' failure to do so has resulted in waiver of the issues for purposes of appeal.

Appellants' position on the necessity of post-trial motions centers on the particular procedural posture of this case. They assert that the "proceeding on remand" did not permit, much less require, post-trial motions. Appellants' Reply Brief at 16.[10] In support of this claim, Appellants cite to the Note to Rule 227.1(c), which states, in pertinent part, that a motion for post-trial relief "may be filed following a trial by jury or a trial by a judge without a jury pursuant to Rule 1038." Note to Rule 227.1(c).[11] The Note further indicates that "[a] motion for post-trial relief may not be filed to orders disposing of preliminary objections, motion for judgment on the pleadings or for summary judgment, motions relating to discovery or other proceedings which do not constitute a trial." Note to Pa.R.C.P. 227.1(c).[12] "Logically, post-trial motions may not be filed to orders disposing of pre-trial motions (i.e., orders disposing of preliminary objections, motions for summary judgment, motions relating to discovery) or motions relating

---

**8.** Thus the Rule 1925(b) statement reasserts the reletting expense and mitigation issues raised in Appellants' Motion for Reconsideration.

**9.** In support of this charge, Appellee filed a motion to quash Appellants' direct appeal, which was denied without prejudice to Appellee's right to raise the issue before the merits panel assigned to hear argument on this matter. Order filed 5/17/10. Appellee has done so, and the matter was addressed during oral argument before this Court in October, 2010.

**10.** Appellants do not attempt to persuade us to view their Motion for Reconsideration as a post-trial motion for purposes of Rule 227.1,

and even if viewed as such, it would not have been timely, since it was not filed within the required ten day period imposed by Pa.R.C.P. 227.1(c)(2). *De Lage Landen Financial Services, Inc. v. Rozentsvit,* 939 A.2d 915, 923 (Pa.Super.2007) (*citing Gemini Equipment, supra*).

**11.** "A note to a rule or an explanatory comment is not a part of the rule but may be used in construing the rule." Pa.R.C.P. 129(e).

**12.** A trial is defined as a "judicial examination and determination of issues between parties to [an] action." Black's Law Dictionary 1504 (6th ed.1990).

to proceedings not constituting a trial." *Bostick v. Schall's Brakes and Repairs,* 725 A.2d 1232, 1236 (Pa.Super.1999).

Although Appellants do not dispute that this matter, as a whole, obviously included a trial, they focus on the events following remand, insisting that those proceedings did not "constitute a trial" for the purposes of Rule 227.1, thus post-trial motions were unnecessary. Appellants' Reply Brief at 16. As such, Appellants urge us to find that post-trial motions were unnecessary. In support of their argument that this matter be viewed in such a bifurcated manner, Appellants assert that following remand, no new evidence was introduced (other than an accounting of costs, attorneys' fees and interest), thus the decision Appellants challenge was based solely on legal arguments and the factual record developed prior to the first appeal. *Id.* at 17. Appellants further contend that "proceedings that do not involve the introduction of evidence do not count as trials for purposes of triggering the post-trial motion requirement." *Id.*

Our review of the procedural posture of this case, however, along with the applicable case and statutory law, convinces us that the purpose post-trial motions serve would be improperly subverted were we to excuse their filing here. It is undisputed that the filing of such motions gives the trial court an opportunity to correct errors in its ruling, and averts the need for appellate review. *Chalkey v. Roush,* 569 Pa. 462, 467 fn. 9, 805 A.2d 491, 494 fn. 9 (2002); *Siculietano v. K & B Amusements,* 915 A.2d 130, (Pa.Super.2006); *Warfield v. Shermer,* 910 A.2d 734 (Pa.Super.2006). Pertinent to the matter currently before us, wherein Appellants have asked this Court to modify or change an allegedly erroneous damage award, Rule 227.1 gives that very power to the trial court. Pa. R.C.P. 227.1(a)(4); *Diamond Reo Truck Co. v. Mid–Pacific Industries,* 806 A.2d 423, 429 (Pa.Super.2002).

> The importance of filing post-trial motions cannot be overemphasized. "This is not blind insistance [sic] on a mere technicality since post-trial motions serve an important function in adjudicatory process in that they afford the trial court in the first instance the opportunity to correct asserted trial error and also clearly and narrowly frame issues for appellate review."

*Id.,* 806 A.2d at 428 (citation omitted).

Although there are instances where post-trial motions are prohibited,[13] we have found no precedent to suggest that where a matter has been tried before the lower court but remanded on the issue of damages, post-trial motions are prohibited to the resulting damage award. Instead, we agree with Appellee that *Cerniga v. Mon Valley Speed Boat Club,* 862 A.2d 1272, (Pa.Super.2004), is instructive.

Therein the Boat Club, like Appellants in the instant matter, filed post-trial motions following the trial court's original order finding that the appellees had obtained the right to a certain piece of disputed property by adverse possession. *Id.,* 862 A.2d at 1273. Also like the matter

---

**13.** As the Note to Rule 227.1(c) explains:

A motion for post-trial relief may not be filed to matters governed exclusively by the rules of petition practice.

The filing of a motion for post-trial relief is prohibited by the following rules: Rule 1557 (order directing partition), Rules 1910.11(k) and 1910.12(g) (orders of support), Rule 1915.10(b) (order of custody, partial custody or visitation), and Rule 1920.55(c) (final decree of divorce based upon a master's report).

Note to Pa.R.C.P. 227.1(c). Additionally, "[a] motion for post-trial relief may not be filed in an appeal from the final adjudication or determination of a local agency or a Commonwealth agency as to which jurisdiction is vested in the courts of common pleas." Pa.R.C.P. 227.1(g).

at hand, a panel of this Court vacated the trial court's order on direct appeal, and remanded the case. *Id.* Pursuant to the instructions on remand, the trial court made additional findings of fact and conclusions of law, then issued another order. *Id.,* 862 A.2d at 1273–1274. The Boat Club did not file additional post-trial motions, but instead appealed directly to this Court, causing the appellees to file a motion to quash. *Id.* at 1274. In granting that motion, this Court noted that some of the issues which the Boat Club raised on direct appeal specifically involved the additional factual findings and legal conclusions entered by the trial court following remand, thus by failing to file post-trial motions to the trial court's new order, the Boat Club frustrated the purpose of Rule 227.1 and deprived the trial court of an opportunity to correct any errors in its new ruling. *Id.* As such, the Court concluded that the Boat Club was required under Rule 227.1 to file post-trial motions, and that by failing to do so it failed to preserve any issues for appellate review. *Id.,* 862 A.2d at 1274–1275. Similarly, Judge Mahon was instructed on remand to apply a certain portion of the lease to arrive at a damage award, and Appellants assert that he committed errors in doing so. By failing to file post-trial motions, Appellants have deprived Judge Mahon of the opportunity to correct those alleged errors.

We thus disagree that the particular procedural circumstances of this case relieved Appellants of the burden of filing post-trial motions raising the issues of trial court error they now ask us to consider via their Rule 1925(b) statement. It is undisputed that post-trial motions are meant to provide the trial court with an opportunity to correct errors. In this very matter, post-trial motions were filed to the original entry of judgment in Appellee's favor, and Judge Mahon used the opportunity provided to him by the motions to revise the damages awarded. That award was again revised based on this Court's directives on remand that Judge Mahon had erred in failing to apply an applicable portion of the lease. Appellants challenge Judge Mahon's latest determination of damages, and the errors which Appellants assert Judge Mahon has committed are of the type which the trial court must be permitted to address upon the filing of post-trial motions. Appellants have failed to convince us that there is a single viable procedural reason for excusing the filing of post-trial motions raising their challenges.

■ Because we conclude that the filing of post-trial motions is mandatory under the procedural posture of this case, Appellants have waived their claims of trial court error for purposes of review, and we thus grant Appellee's motion to quash. *L.B. Foster Co. v. Lane Enterprises, Inc.,* 551 Pa. 307, 710 A.2d 55 (1998); *Siculietano, supra; Treasure Lake Property Owners Association v. Meyer,* 832 A.2d 477 (Pa.Super.2003); *Lenhart v. Cigna Companies,* 824 A.2d 1193 (Pa.Super.2003).[14]

14. Our determination is not affected by Judge Mahon's statement that he considered the entry of judgment "appealable." Verdict filed 3/1/10. *Chalkey,* 569 Pa. at 468–470, 805 A.2d at 495–496.

Neither can Appellants' claims be revived by the filing of their Rule 1925(b) statement. *Diamond Reo Truck Co.,* 806 A.2d at 429. As the *Diamond Reo* Court explained, post-trial motions are filed when the court still has jurisdiction to correct the asserted errors "at that early stage without necessitating the expenditure of time and judicial energy in taking a costly appeal to the appellate courts." *Id.,* 806 A.2d at 430 (citation omitted). "[T]he filing of a 1925(b) statement is not an adequate substitute for the raising of the issue in post-trial motions [because] a 1925(b) statement is filed after an appeal is filed, when the court no longer has jurisdiction over the matter." *Diener Brick Co. v. Mastro Masonry,* 885 A.2d 1034, 1039 (Pa.Super.2005).

This includes Appellants' challenges to attorneys' fees awarded. *De Lage Landen Fin. Servs., supra; Frey v. Harley Davidson Motor Co., Inc.*, 734 A.2d 1, 13 (Pa.Super.1999); *Plowman v. Straub*, 723 A.2d 1060 (Pa.Super.1999).[15]

Appeal Quashed.

---

**15.** The *Plowman* Court, addressing an appeal from a judgment following the award of attorneys' fees, followed *Lane Enterprises, supra*, in faulting the appellants for failing to file post-trial motions challenging that award. *Plowman*, 723 A.2d at 1060–1061. Although an en banc panel of this Court later overruled a portion of *Plowman*, it agreed that *Plowman* had properly concluded that post-trial motions were required under the authority of *Lane Enterprises. Chalkey v. Roush*, 757 A.2d 972, 974, 978 (Pa.Super.2000) (*en banc*), affirmed by 569 Pa. 462, 805 A.2d 491 (2002).