J. A01011/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| RICHARD VAUTAR, AS ATTORNEY-IN-FACT FOR BERTHA VAUTAR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| FIRST NATIONAL BANK OF PENNSYLVANIA | : | |
| | : | |
| v. | : | |
| | : | |
| THE ESTATE OF FRANCES SAKMAR, AND MICHAEL SAKMAR AND EDWARD SAKMAR, CO-EXECUTORS OF THE ESTATE OF FRANCES SAKMAR | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL SAKMAR, EDWARD SAKMAR, AND EILEEN ATWOOD, INDIVIDUALLY, | : | No. 161 WDA 2014 |
| | : | |
| Appellants | : | |

Appeal from the Judgment Entered December 30, 2013
in the Court of Common Pleas of Cambria County
Civil Division at No. 2009-01615

BEFORE:  FORD ELLIOTT, P.J.E., DONOHUE AND ALLEN, JJ.

DISSENTING MEMORANDUM BY FORD ELLIOTT, P.J.E.:**FILED FEBRUARY 27, 2015**

The majority quashes the instant appeal due to the failure of the appellants, the Sakmar heirs, to file post-trial motions.  I do not believe that post-trial motions were appropriate under the unique circumstances of this case; therefore, I am compelled to respectfully dissent.

The trial court's September 5, 2013 verdict found only the Estate liable; it did not mention the Bank's claim for unjust enrichment and creation of a constructive trust against the Sakmar heirs. The trial court found only that Frances Sakmar, decedent, had breached her contract of indemnity with the Bank. The Bank filed post-trial motions, arguing that the Sakmar heirs were unjustly enriched by their receipt of the Vautar certificate of deposit proceeds, and demanding a constructive trust. Following oral argument and consideration of the parties' briefs, on December 16, 2013, the trial court found in favor of the Bank on its unjust enrichment claim against the Sakmar heirs. The trial court determined that the Sakmar heirs were unjustly enriched by their receipt of the total proceeds of the CDs when they were only entitled to one-half of the proceeds. The trial court stated that it would consider imposition of a constructive trust if it became necessary to collect the verdict.

Appellants filed a timely notice of appeal on January 15, 2014, without filing post-trial motions following the trial court's amended/supplemental verdict. I find the following cases, while not directly on point, to be instructive. In **Lenhart v. Travelers Ins. Co.**, 596 A.2d 162 (Pa.Super. 1991), **appeal denied**, 607 A.2d 255 (Pa. 1992), Travelers filed an appeal from an arbitration award, arguing that the injured plaintiff was not eligible to recover because she was injured while an occupant of a vehicle owned by a self-insured. The matter was submitted on briefs and the record from the

arbitration proceedings. *Id.* at 163. The trial court determined that the plaintiff was ineligible to recover from the Assigned Claims Plan, and the plaintiff appealed. *Id.* On appeal, Travelers argued all issues were waived for failure to file post-trial motions. This court disagreed, finding that the trial court's decision, which did not consider any new evidence, was not a "trial" within the meaning of Rule 227.1:

> As indicated above, the trial court's decision was made by considering the record, consisting of the arbitration transcript and various exhibits, and briefs filed by the parties. No evidence or findings of fact were introduced or presented. The note to Pa.R.C.P. 227.1(c) provides in pertinent part, "A motion for post-trial relief may not be filed to orders disposing of preliminary objections, *motions* for judgment on the pleadings or *for summary judgment*, motions relating to discovery or *other proceedings which do not constitute a trial.*" (Emphasis added). Since the decision by the trial court was based solely on its consideration of the record, without the introduction of any evidence, it clearly is an order either disposing of what in effect were cross-motions for summary judgment or at the very least, an order entered in a proceeding that did not constitute a trial. Consequently, post-trial motions actually were prohibited under Pa.R.C.P. 227.1.

*Id.* at 164.

Subsequently, in ***Newman Development Group of Pottstown, LLC v. Genuardi's Family Markets, Inc.***, 52 A.3d 1233 (Pa. 2012), our supreme court addressed the question of whether a party must file post-trial motions where, on remand from this court, the trial court recalculated damages without receiving any additional evidence from the parties. The

court in **Newman** determined that the remand proceedings in that case, where the trial court merely reached a different damage calculation based on facts and contract terms already in the record, was not a "trial" and Rule 227.1 did not apply: "A remand proceeding such as the one here, that relies on an existing record, is not a trial -- even if the trial court draws different conclusions from that record to comport with an appellate court's directive." **Id.** at 1251. **See also Agostinelli v. Edwards**, 98 A.3d 695 (Pa.Super. 2014) (post-trial motions were not required to preserve issues for appeal where the trial court held an evidentiary hearing on remand and relied heavily on an existing record to make new findings of fact and conclusions of law).

The **Newman** court was also concerned with the fairness of finding waiver where the rule is unclear.

> Obviously, if an appellate court remands for a new trial, the civil trial rules apply again, and in full force. But, the circumstance here -- not an uncommon scenario -- involves a gray area, where there are to be further proceedings below, but the proceedings do not amount to a new trial.

**Newman**, 52 A.3d at 1246-1247.

> A party or attorney reading **Lenhart** and [**Cerniga v. Mon Valley Speed Boat Club**, 862 A.2d 1272 (Pa.Super. 2004),] could reasonably conclude that a remand proceeding before the trial court that does not involve taking new evidence or resolving a new factual dispute is not a trial within the meaning of Rule 227.1, and does not require the filing of new post-trial motions. Such a reading is buttressed by the Official Note's advice that post-trial motions are

> not required in response to "other proceedings which do not constitute a trial."

***Id.*** at 1250-1251.

The ***Newman*** court was clearly swayed by the argument of ***amicus curiae*** that waiver should not be found mechanically and arbitrarily where counsel was not put on unambiguous notice that post-trial motions were required:

> When a court finds waiver in a novel situation in which reasonable counsel would not have known of the requirement that gave rise to the waiver, the salutary purposes of waiver are not served at all. In such a circumstance, there is no benefit to the judicial process, only a trap that denies merits review to those who, despite diligence, make a choice an appellate court later decides was wrong.

***Id.*** at 1244, quoting ***Amicus*** Brief of Jurists and Litigators at 6.

Here, while the trial court heard oral argument on the Bank's post-trial motions and the parties filed briefs, the trial court's amended/supplemental verdict was decided on the existing record. The trial court did not take new evidence or make new factual findings. The trial court's amended/supplemental verdict was not the result of a "new trial." The language of Rule 227.1 is clear that it only applies to trials, not to other proceedings. The Bank has not cited any authority for the proposition that an order disposing of post-trial motions requires further post-trial motions in order to preserve the same issues for appeal.

In the case **sub judice**, the issues raised by appellants on appeal are the same ones argued by the parties on post-trial motions; **i.e.**, whether the Sakmar heirs can be found liable on a theory of unjust enrichment. The underlying purpose of the rule, to allow the trial court an opportunity to correct errors, has been satisfied. There would be no reason for the Sakmar heirs to file further post-trial motions where the issues have already been thoroughly addressed and are ripe for appeal. At a minimum, this involves a "gray area," where the harsh sanction of waiver should not apply.

Therefore, I believe the Bank's motion to quash should be denied and the case decided on its merits.