Ronald F. MELANI and D. Denise
Melani, Appellants,

v.

NORTHWEST ENGINEERING,
INC., Appellee.

Superior Court of Pennsylvania.

Submitted July 3, 2006.
Filed Oct. 4, 2006.

James C. Blackman, Warren, for appellants.

Rene H. Johnson, Warren, for appellee.

BEFORE: STEVENS, MUSMANNO, and PANELLA, JJ.

OPINION BY STEVENS, J.:

¶ 1 This is an appeal from the order entered in the Court of Common Pleas of Warren County on July 1, 2005, quieting title in favor of Appellee Northwest Engineering, Inc. following a non-jury trial. After a careful review, we quash this appeal as it has been filed prematurely, and we remand for further proceedings.

¶ 2 On January 9, 2004, Appellants Ronald F. and D. Denise Melani filed a complaint seeking to quiet title regarding a parcel of property located in Limestone Township, Warren County. Appellants specifically alleged that Appellee improperly constructed a fence, thereby prevent-

ing Appellants' use of a ten foot right-of-way. Appellee filed an answer with new matter contending Appellants had improperly enlarged the right-of-way, resulting in Appellants encroaching upon Appellee's property. Appellee filed a counterclaim sounding in trespass seeking to have Appellants remove steps which Appellants had placed on Appellee's property and restore the property to its original condition. Appellee also sought costs and legal fees.

¶ 3 The matter proceeded to a non-jury trial on May 5, 2005, and during trial, Appellee stipulated to a right-of-way of ten feet, which was depicted in the red-shaded portion of Exhibit "A." However, Appellee contended Appellants were using a portion of Appellee's property, which was located beyond the red-shaded right-of-way. By order and opinion entered on July 1, 2005, the trial court concluded the exact location of the right-of-way was that depicted in the red-shaded area only, the trial court ordered Appellants to pay legal costs, and the trial court indicated it was not awarding legal fees.[1]

¶ 4 On July 11, 2005, Appellants filed a timely post-trial motion. *See* Pa.R.C.P. 227.1(c)(2) (indicating post-trial motions shall be filed within ten days after the filing of the decision in the case of a trial without jury). However, before the trial court ruled on the post-trial motion, Appellants filed a notice of appeal to this Court on July 29, 2005.[2] By order entered on August 25, 2005, the trial court indicated that it believed it no longer had jurisdiction to entertain Appellants' post-trial motion and ordered the Prothonotary to certify the record for appeal.[3]

■ ¶ 5 Before addressing the merits of the issues presented, we must determine whether this appeal is properly before us. The Judicial Code provides that the Superior Court shall have exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas, except such classes of appeals as are within the exclusive jurisdiction of the Supreme Court or the Commonwealth Court. 42 Pa.C.S.A. § 742. In the context of an equity action decided by a trial judge without a jury, "an appeal lies from the entry of judgment[.]" *Croyle v. Dellape*, 832 A.2d 466, 470 (Pa.Super.2003) (quotation and quotation marks omitted). *See* Pa.R.C.P. 227.4.

¶ 6 In an equity action such as in the case *sub judice*, appellants must file post-trial motions pursuant to Pa.R.C.P. 227.1 in order to preserve their issues for appeal. *See Cerniga v. Mon Valley Speed Boat Club, Inc.*, 862 A.2d 1272 (Pa.Super.2004). Once a post-trial motion is timely filed, judgment cannot be entered until the trial court enters an order disposing of the motion or the motion is denied by operation of law one hundred and twenty days after the filing of the motion. Pa.R.C.P. 227.4.

---

1. Appellee indicates in its brief that the trial court rendered no verdict as to Appellee's claim of trespass. Appellee's Brief at 4. To the extent this claim was properly preserved in the trial court, this matter may be resolved upon remand.

2. Although Appellants indicate in their notice of appeal that the trial court's order dated June 30, 2005, and entered on July 1, 2005, was reduced to judgment, the certified record reveals that no judgment was ever entered in this case.

3. Subsequent to Appellants filing the instant notice of appeal, the trial court entered an order directing Appellants to file a statement pursuant to Pa.R.A.P. 1925(b). Appellants failed to file the requested statement. Generally, such a failure would result in waiver of all claims on appeal. *See Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306 (1998), and its progeny. However, in light of our conclusion that Appellants' appeal was prematurely filed, we cannot affirm on this basis.

¶ 7 Here, as indicated *supra*, Appellants filed a timely post-trial motion; however, before the one hundred and twenty day time period had expired and judgment was entered, Appellants filed a notice of appeal to this Court.[4] As such, Appellants' appeal was premature. Although the one hundred and twenty day period has obviously now expired, thus resulting in the denial of Appellants' post-trial motion by operation of law, there has been no judgment entered by praecipe or otherwise. *See* Pa.R.C.P. 227.4. The entry of an appropriate judgment is a prerequisite to this Court's exercise of jurisdiction and "an appeal filed while a post-trial motion is pending before [the] trial court will be considered premature...." *Croyle*, 832 A.2d at 470 (citation omitted). We thus will not regard the appeal as having been filed within thirty days of the date on which the post-trial motion should have been denied by operation of law.

¶ 8 The trial court indicated that it did not act on Appellants' post-trial motion because it believed that it had been divested of jurisdiction. However, we conclude the appeal did not divest the trial court of jurisdiction since the appeal is from an interlocutory order.[5] *See* Pa.R.A.P. 1701(b)(6) (indicating the trial court may proceed in any matter where a nonappealable interlocutory order has been appealed). Therefore, we quash the appeal and remand for further proceedings consistent with this decision.[6]

¶ 9 Appeal Quashed as interlocutory. Remanded for further proceedings consistent with this decision. Jurisdiction is Relinquished.

---

4. The certified record does not reveal that Appellants voluntarily withdrew their post-trial motion.

5. We note that this Court has jurisdiction to consider appeals from collateral orders or certain classes of interlocutory order which are appealable as of right. *See* Pa.R.A.P. 311 and 313. However, the order in this case is not appealable pursuant to either of these rules. Moreover, Appellants have not sought permission to pursue an interlocutory appeal in accordance with Pa.R.A.P. 312 and 1301–1323, and we are aware of no other rule or statute which permits an appeal in this case.

6. As this Court has indicated in a criminal case, which had a procedurally similar history:

In light of the procedural posture of this case and the time limits within which post-[trial] motions must be decided, Appellant[s'] post-[trial] motion shall be deemed filed *nunc pro tunc* on the date on which the certified record is remanded to the trial court. The 120–day period for disposing of Appellant[s'] post-[trial] motion shall thus begin to run anew when the motion is filed *nunc pro tunc*, i.e., on the date on which the record is remanded.

*Commonwealth v. Borrero*, 692 A.2d 158, 161 n. 5 (Pa.Super.1997).