**Samara v. Dib**

*Nino Tinari*, for plaintiff.

*Jeff Scatbria* and *Dennis George*, for defendant.

NEW, *J.*, June 11, 2012—For the reasons that follow, this appeal should be quashed as it has been filed prematurely.

## PROCEDURAL AND FACTUAL HISTORY

On February 9, 2011, plaintiff Mohannad Samara (hereinafter "plaintiff" or "Samara") filed suit against defendant George Dib, alleging plaintiff and defendant's conduct formed an oral partnership for ownership in real property. Plaintiff alleged counts in breach of fiduciary duty, accounting of the partnership, dissolution of the partnership, and accounting of the properties. Defendant denied a partnership for real property was created and filed a counterclaim against plaintiff in fraud, unjust enrichment and accounting of rental proceeds in excess of $100,000.

This matter proceeded to a two day, non-jury trial on April 11, 2012. After consideration of the evidence presented at trial, the findings of the court was entered on April 17, 2012.[1]

On April 27, 2012, plaintiff filed a timely post-trial motion.[2] Plaintiff also filed a miscellaneous motion, seeking leave to supplement the post-trial motion that same day.[3] Pursuant to the filing of post-trial motions, the court ordered the moving party, here plaintiff, to submit a brief in support of the post-trial motion by May 29, 2012, and the responding party to submit a response brief by June 18, 2012. Oral argument has been scheduled for June 29, 2012. On May 29, 2012, plaintiff submitted his brief in support of the post-trial motion. The time for defendant to file his response brief has not yet passed. However, before the court ruled on plaintiff's post-trial motion, Plaintiff filed a notice of appeal to the Superior Court on May 10, 2012.

## LEGAL ANALYSIS

Pursuant to the Pennsylvania rules of civil procedure,

---

1. The findings of the court stated as follows:
1. Finding in favor of defendant and against plaintiff on all of plaintiff's claims.
2. Finding defendant is the owner in fee simple of the property known as 2722 Germantown Avenue, Philadelphia, PA, BRT No. 372199110.
3. Pursuant to this finding the Lis Pendens filed is hereby lifted.
4. Finding in favor of plaintiff and against defendant on defendant's counterclaim.
2. See Pa. R.C.P. 227.2(c)(2) (indicating post-trial motions shall be filed within ten (10) days after filing of the decision in the case of a trial without jury.).
3. On June 5, 2012, the court granted plaintiff's motion for leave to supplement the post-trial motion filed on April 27, 2012, giving plaintiff the right to supplement his post-trial motion and file a brief in support thereof no later than June 8, 2012.

post-trial motions shall be filed within ten (10) days of the filing of the court's decision.[4] It is a well established principal of Pennsylvania law that any issue not raised in post-trial motions is waived.[5] Upon the timely filing of a post-trial motion, judgment cannot be entered until the trial court enters an order disposing of the motion or the motion is denied by operation of law one hundred and twenty (120) days after the filing of the motion.[6]

Accordingly, pursuant to Pa. R.C.P. 227.1, a party must file post-trial motions at the conclusion of any type of action to preserve their issues for appeal.[7] In other words, a trial court's order at the conclusion of trial cannot become final for purposes of filing an appeal until the trial court decides any timely post-trial motions.[8] Further, it is well-established that the "entry of appropriate judgment is a prerequisite to [the Superior] Court's exercise of jurisdiction."[9] Thus, an appeal filed while a post-trial motion is pending before the trial court will be considered premature and quashed on appeal.[10]

---

4. See Pa. R.C.P. 227.2(c)(2).

5. See, e.g., *Chalkey v. Roush*, 569 Pa. 462, 805 A.2d 491 (2002); *Estate of Hicks v. Dana Cos., LLC*, 2009 Pa. Super. 220, 984 A.2d 943 (Pa. Super. 2009); *Lenhart v. Cigna Cos.*, 2003 Pa. Super. 195, 824 A.2d 1193 (Pa. Super. 2003).

6. See Pa. R.C.P. 227.4; see also *Melani v. Nw. Eng'g. Inc.*, 2006 Pa. Super. 281, 909 A.2d 404 (Pa. Super. 2006).

7. See *Chalkey*, 569 Pa. at 469, 805 A.2d at 496; see also *Melani*, 909 A.2d at 404, 2006 Pa. Super. 281, (citing *Cerniga v. Mon Valley Speed Boat Club, Inc.*, 2004 Pa. Super. 444, 862 A.2d 1272 (Pa. Super. 2004)).

8. See Pa. R.C.P. 227.1(a); see also *Chalkey*, 569 Pa. at 469, 805 A.2d at 496.

9. See *id.* at 406 (citing *Croyle v. Dellape*, 2003 Pa. Super. 328, 832 A.2d 466, 470 (Pa. Super. 2003)). The judicial code provides: "[t]he Superior Court shall have exclusive appellate jurisdiction of all appeals from final order of the courts of common pleas...." See 42 Pa. C.S. § 742.

10. See *id.*

Instantly, plaintiff filed timely post-trial motions within ten (10) days of receiving notice of the court's finding after trial. As indicated above, plaintiff has filed his brief in support of the post-trial motion, and defendant, the responding party, has until June 18, 2012 to submit a response brief. Oral argument on this matter has been scheduled for June 29, 2012.

However, before the one hundred and twenty (120) day time period had expired and judgment was entered, plaintiff filed a notice of appeal to the Superior Court.[11] Since plaintiff filed this appeal while the post-trial motion is pending before the court, the instant appeal is premature and should be quashed.[12]

## CONCLUSION

For the foregoing reasons, plaintiff's appeal should be quashed as it has been filed prematurely.

_____

11. There is no indication from the record that plaintiff voluntarily withdrew his post-trial motion.

12. See *Melani*, 909 A.2d at 406 (Pa. Super. 2006).