J-A19012-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

R. DAVID MITCHELL AND SHERRI P.　　:　IN THE SUPERIOR COURT OF
MITCHELL, H/W　　　　　　　　　　　:　　　　PENNSYLVANIA
　　　　　　　　　　　　　　　　　　:
　　　　　　　　v.　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
MEGILL HOMES, INC., MISTY　　　　　:
MEADOWS HOMES, INC., AND　　　　　:　No. 3158 EDA 2018
WAYNE C. MEGILL　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　　Appellants　　　　　　:

Appeal from the Judgment Entered October 1, 2018
In the Court of Common Pleas of Chester County
Civil Division at No(s):  2015-04560

R. DAVID MITCHELL AND SHERRI P.　　:　IN THE SUPERIOR COURT OF
MITCHELL, H/W　　　　　　　　　　　:　　　　PENNSYLVANIA
　　　　　　　　　　　　　　　　　　:
　　　　　　　Appellant　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　　　v.　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:　No. 3202 EDA 2018
MEGILL HOMES, INC., MISTY　　　　　:
MEADOWS HOMES, INC., AND　　　　　:
WAYNE C. MEGILL　　　　　　　　　　:

Appeal from the Judgment Entered October 1, 2018
In the Court of Common Pleas of Chester County
Civil Division at No(s):  No.2015-04560-CT

BEFORE:　PANELLA, P.J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.:　　　　　　　**FILED DECEMBER 06, 2019**

_____

[*] Former Justice specially assigned to the Superior Court.

Misty Meadows Homes, Inc., a real estate development company, purchased and developed a parcel of land in New London Township, Chester County, Pennsylvania. It contracted with a builder, Megill Homes, Inc., to construct homes on the land. After construction was completed, in 2004, David and Sherri Mitchell purchased one of these homes from Misty Meadows.

In 2014, the Mitchells listed their home for sale. The buyers conducted a routine inspection and discovered water infiltration and damage to the home. Because of the damage, the Mitchells reduced the sales price from $500,000 to $350,000. Thereafter, the Mitchells initiated this action, asserting claims against both Misty Meadows and Megill Homes for breach of contract, breach of express warranty, breach of implied warranty of habitability, breach of implied warranty of reasonable workmanship, and violations of the Pennsylvania Unfair Trade Practice and Consumer Protection Law.

The case proceeded to a bifurcated trial, with a jury hearing the common law claims, and the trial court hearing the UTPCPL statutory claim. At the close of the jury trial, the trial court entered nonsuit with respect to the Mitchells' claims against Megill Homes, and the implied warranty of habitability and express warranty claims against Misty Meadows. The jury then found that Misty Meadows had breached the implied warranty of reasonable workmanship and agreement of sale, and awarded damages of $150,000. The court conducted a two-day bench trial, after which, on April 27, 2018,[1] it issued an

---

[1] The order was docketed on April 30, 2018. **See** Pa.R.A.P. 108(b).

order determining that Misty Meadows had violated the UTPCPL, and awarded additional attorneys' fees and costs.

On May 9, 2018, the Mitchells filed a motion for removal of nonsuit and reconsideration of the court's orders. Before the trial court ruled on their motion, the Mitchells filed a notice of appeal (1631 EDA 2018). On August 27, 2018, this Court quashed the appeal *sua sponte*, concluding that a final judgment had not been entered on the docket. In its order quashing the appeal, this Court also denied a petition for remand that the Mitchells had filed.[2]

After their appeal was quashed, the Mitchells filed a motion for leave to file an amended motion for post-trial relief.[3] The trial court denied the Mitchells's motion, stating:

> Since the application filed by the [Mitchells'] to the Superior Court to remand and permit this court to consider post-trial motions has been denied, this court believes it does not have jurisdiction to consider the [Mitchells'] various reasons to grant them post-trial relief.

Order, 8/31/18.

_____

[2] The Mitchells' petition for remand requested that this Court retain jurisdiction over the appeal, but remand for the trial court to consider the motion for post-trial relief.

[3] This motion assumes that the motion filed on May 9, 2018 was not timely filed, and sought leave to file the motion *nunc pro tunc*, so that it may be considered timely and considered on the merits.

On October 1, 2018, the Mitchells filed a praecipe for entry of judgment, which the prothonotary entered that same day. The parties' appeal and cross-appeal were timely filed.

Before addressing the merits of the issues raised, we must determine whether this appeal is properly before us.

Initially, we consider whether the Mitchells' motion for removal of nonsuit and reconsideration of the court's orders constituted a post-trial motion.

Pennsylvania Rule of Civil Procedure 227.1 sets forth the requirements concerning post-trial motions.

**Rule 227.1. Post-Trial Relief**

**(a)** After trial and upon the written Motion for Post-Trial Relief filed by any party, the court may
    (1) order a new trial as to all or any of the issues; or
    (2) direct the entry of judgment in favor of any party; or
    (3) remove a nonsuit; or
    (4) affirm, modify or change the decision; or
    (5) enter any other appropriate order.

                  \*    \*    \*

**(c)** Post-trial motions shall be filed within ten days after
    (1) verdict, discharge of the jury because of inability to agree, or nonsuit in the case of a jury trial; or
    (2) notice of nonsuit or the filing of the decision in the case of a trial without jury.

    If a party has filed a timely post-trial motion, any other party may file a post-trial motion within ten days after the filing of the first post-trial motion.

Pa.R.C.P. 227.1 (a), (c).

This Court has considered a motion for reconsideration to be the functional equivalent of a post-trial motion where, despite the caption of the motion requesting reconsideration, the content of the motion requests post-trial relief in accordance with Pa.R.C.P. 227.1. *See Liles v. Balmer*, 653 A.2d 1237, 1240 n.5 (Pa. Super. 1994).[4]

Here, the Mitchells filed their motion within ten days of the court's decision in the UTPCPL non-jury trial. With respect to the content of the motion, it seeks removal of nonsuit, an explicit ground for post-trial relief under 227.1(a)(3), and seeks a new trial on the issue of habitability of the home. Consequently, although the Mitchells referred to their motion as a motion for reconsideration, the content of the motion requests post-trial relief in accordance with Rule 227.1. Accordingly, the motion is the functional equivalent of a timely filed post-trial motion.

Additionally, we note that Misty Meadows filed its post-trial motion sixteen days after the court entered its decision on the UTPCPL claim, but seven days after the Mitchells' post-trial motion. "If a party has filed a timely post-trial motion, any other party may file a post-trial motion within ten days after the filing of the first post-trial motion." Pa.R.C.P. 227.1(c)(2). Therefore, Misty Meadows' post-trial motion was timely filed as well.

---

[4] Furthermore, we note that Misty Meadows relied on the Mitchells' motion being a post-trial motion to establish timeliness for their own post-trial motion. Misty Meadows filed its post-trial motion seven days after the Mitchells' motion, but sixteen days after the court entered its decision on the UTPCPL claim.

Because the parties timely filed post-trial motions, we must next ascertain whether the motions were disposed of prior to judgment being entered.

> Appellants must file post-trial motions pursuant to Pa.R.C.P. 227.1 in order to preserve their issues for appeal. Once a post-trial motion is timely filed, judgment cannot be entered until the trial court enters an order disposing of the motion or the motion is denied by operation of law one hundred and twenty days after the filing of the motion.

**Melani v. Nw. Eng'g, Inc.**, 909 A.2d 404, 405 (Pa. Super. 2006) (citations omitted).

Pennsylvania Rule of Civil Procedure 227.4 provides that upon praecipe of a party, the prothonotary shall:

> (1)  enter judgment upon a nonsuit by the court, the verdict of a jury or the decision of a judge following a trial without jury, if
>
> \*       \*       \*
>
> (b)  one or more timely post-trial motions are filed and the court does not enter an order disposing of all motions within one hundred twenty days after the filing of the first motion. A judgment entered pursuant to this subparagraph shall be final as to all parties and all issues and shall not be subject to reconsideration;

Pa.R.C.P. 227.4(1)(b).

In **Melani**, this Court found that the appellants filed a timely post-trial motion; however, they filed their notice of appeal before the motion was decided and judgment entered. The Court concluded that because the appeal was from an interlocutory order, the appeal did not divest the trial court of jurisdiction to act on the post-trial motion. **See Melani**, 909 A.2d at 406.

Here, similarly, the Mitchells filed their first notice of appeal before their post-trial motion had been ruled on and judgment entered. This Court quashed the appeal and remanded to the trial court. The Mitchells' application to remand while this Court retained jurisdiction was denied. Since the trial court's decision on the post-trial motions was more than a mere ministerial act, it was inappropriate for this Court to retain jurisdiction while the court considered the motions. Indeed, under **Melani**, we had no jurisdiction to retain.

However, rather than deciding the merits of the Mitchells' motion, the trial court stated that it "believes it does not have jurisdiction to consider the [Mitchells'] various reasons to grant post-trial relief." Order, 8/31/19. The prothonotary then, upon praecipe of the Mitchells, entered final judgment.

The Mitchells' initial appeal to this court did not divest the trial court of jurisdiction because it was from an interlocutory order. The trial court did have jurisdiction to consider both the Mitchells' and Misty Meadows' timely post-trial motions. Accordingly, we vacate the judgment entered on October 1, 2018, and remand to the trial court in accordance with this memorandum. The 120 day period set forth in Pa.R.Civ.P. 227.4(1)(b) will commence on the date of this order.

Judgment vacated. Case remanded in accordance with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/6/19