J-A26013-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| HAIYING XI | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| TAAHIRAT WESTLEY AND KENNETH | : | No. 1791 EDA 2023 |
| TYLER | : | |

Appeal from the Judgment Entered August 15, 2023
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  221101248

BEFORE:  DUBOW, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY DUBOW, J.:                    **FILED APRIL 10, 2024**

Appellant, Haiying Xi, appeals *pro se* from the August 15, 2023 order[1] entered in the Philadelphia Court of Common Pleas that found in favor of Appellant on his claim for possession of property located at 1317 South 30th Street in Philadelphia, but further found that Appellees, Taahirat Westley and Kenneth Tyler, did not owe Appellant rent because Appellant failed to provide evidence of a valid Certificate of Rental Suitability during the time of Appellees' tenancy.  Upon review, we affirm.

_____

[1] The court issued an order on June 12, 2023, finding in favor of Appellant and against Appellees.  Appellant filed a notice of appeal challenging the June 12, 2023 order prior to entry of judgment.  On August 15, 2023, Appellant filed a praecipe for entry of judgment, perfecting this appeal.  ***See Morgan v. Millstone Res. Ltd.***, 267 A.3d 1235, 1238 n.1. (Pa. Super. 2021) (noting jurisdiction may be perfected after an appeal has been filed upon the docketing of a final judgment).  We have corrected the caption accordingly.

The relevant procedural and factual history is as follows. On November 14, 2022, Appellees filed an appeal from a November 1, 2022 municipal court order that found in favor of Appellant on his claim for possession of property and awarded Appellant $7,296.87 for rent and/or utilities. The trial court held a hearing on June 12, 2023, and, after hearing testimony from Appellant and Appellee, Ms. Westley, the court entered a finding in favor of Appellant and against Appellees on Appellant's claim for possession of property but, as noted above, found that Appellees did not owe Appellant any money because Appellant failed to provide the trial court with evidence of a valid Certificate of Rental Suitability during the time of Appellees' tenancy.

On June 15, 2023, Appellant filed a post-trial motion for reconsideration averring that the trial court misinterpreted the Philadelphia Code Section 9-3903 requirements and requesting that the court reconsider its judgment.[2]

---

[2] In its Rule 1925(a) opinion, the trial court emphasizes that Appellant failed to file any post-trial motions and, therefore, failed to preserve any issues for appellate review. Thus, the trial court urges this Court to quash this appeal. Our review indicates that Appellant filed a "Motion for Reconsideration" requesting the court to reconsider its judgment, relief that is available under Pa.R.C.P. 227.1(a). This Court has discretion to treat a motion for reconsideration as a post-trial motion when it is intended to function as such. *See Gemini Equipment Co. v. Pennsy Supply Inc.*, 595 A.2d 1211, 1214 (Pa. Super. 1991) (holding defendant did not waive issues by failing to file post-trial motions where defendant did file a petition for reconsideration which was intended to function as a post-trial motion). Accordingly, we will treat Appellant's motion as a post-trial motion pursuant to Rule 227.1 and decline to quash the appeal on this basis. However, as this Court has explained, "post-trial motions and motions for reconsideration are not interchangeable" and we caution Appellant to use the appropriate title in any future proceedings to avoid confusion, potential waiver, and jurisdictional issues. *Vietri v.*
*(Footnote Continued Next Page)*

·On July 11, 2022, Appellant filed a notice of appeal. On July 12, 2022, the trial court denied Appellant's motion.[3] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

1. Whether Judge Wright abused his legal discretion when he ruled that Philadelphia Code [Section] 9-3903 requires a rental property owner to provide a copy of Certificate of Rental Suitability to a tenant **each year** after the tenant signed an initial lease but occupied the house by force without paying rent after his lease expired two years ago.

2. Whether Judge Wright abused his legal discretion by holding a trial on 6/12/23 after [Appellees'] supersedeas was terminated on 4/20/2024 and the case was returned to the Municipal Court for writ of repossession on 5/1/2023.

3. Whether Judge Wright abused his legal discretion by refusing to release $325 in the court's escrow account to Appellant.

4. Whether Judge Wright abused his legal discretion and violates Appellant of the substantive due process rights by depriving Appellant of the legitimate rental income in his refusal to determine if [Appellees] abused Philadelphia Emergency

---

*Delaware Valley High School*, 63 A.3d 1281, 1286 n.3 (Pa. Super. 2013) (citation and internal quotation marks omitted).

[3] Typically, the trial court's July 12, 2022 order would constitute a legal nullity since Appellant had already filed a notice of appeal. *See* Pa.R.A.P. 1701(a). However, an order cannot be final "for purposes of filing an appeal until the court decides any timely post-trial motions." *Chalkey v. Roush*, 805 A.2d 491, 496 (Pa. 2002). Thus, "an appeal filed while a post-trial motion is pending before [the] trial court will be considered premature." *Melani v. Nw. Eng'g, Inc.*, 909 A.2d 404, 406 (Pa. Super. 2006) (citation omitted). Accordingly, we conclude that because Appellant filed a notice of appeal prior to the trial court disposing of his motion, the notice of appeal was premature, and it did not divest the trial court of jurisdiction. *See* Pa.R.A.P. 1701(b)(6) (indicating the trial court may proceed in any matter where a non-appealable interlocutory order has been appealed).

Housing Protections Act (EHPA) after they refused to provide their certificate of financial hardship and income verification due to COVID-19 during the first mediation as the part of Eviction Diversity Program and refused to attend the second mediation but occupied Appellant's house by force.

5. Whether Judge Wright failed to determine if Philadelphia Emergency Housing Protections Act (EHPA) violated Appellant's substantive due process right when this Act prohibits landlords from evicting all tenants initially without establishing a measure to exclude those tenants who were neither affected by COVID-19 nor lost their income and who even refused to participate in the Eviction Diversion Program but abused the Act for their immoral advantage?

6. Whether the Municipal Court and Judge Wright abused their legal discretion in their failure to order [Appellees] to pay $100 a day after the Lease expired but [Appellants] refused to leave in violation of Lease Clause X 4. (***Exhibit 5 – Lease***)

7. Whether Judge Wright abused his legal discretion and committed a clear error in his failure to determine whether [Appellees] committed misrepresentation when occupying Appellant's house without Appellant's knowledge and lying to the police and Appellant that they were victims of a fraud. (***Exhibit 6 – Police and Detective Report***)

8. Whether the Municipal Court and Judge Wright violate Appellant's property right protected by Article 1 Section 1 of the Pennsylvania Constitution or whether it is fair by prohibiting Appellant from calculating the loss of rent based on the current fair market rate after the old Lease expired two years ago and [Appellees] refuse to renew the lease or to leave. (***Exhibit 7 – Market Rental Rate***)

9. Whether Judge Wright failed to consider if Philadelphia Code [Sections] 9-3901, 9-3902 and 9-3903 violate Appellant's substantive due process right and Article 1 Section 1 of the Pennsylvania Constitution in their failures to establish a measure balancing the rights and responsibilities between tenants and landlords and therefore causes confusion regarding whether a certificate of rental suitability is required for each of the following years after a tenant signs an initial lease for multiple years or after an initial lease expires but a

tenant refuses to renew the lease but occupies the house by force.

Appellant's Br. at 2-5.

**A.**

We acknowledge our well-settled standard of review in a non-jury case, which "is limited to whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in the application of law." *Frempong v. Richardson*, 209 A.3d 1001, 1006 (Pa. Super. 2019) (citation omitted). "We must grant the court's findings of fact the same weight and effect as the verdict of a jury[.]" *Id.* (citation omitted). "Assessments of credibility and conflicts in evidence are for the trial court to resolve; this Court is not permitted to reexamine the weight and credibility determinations or substitute our judgments for those of the factfinder." *Id.* (citation omitted).

**B.**

In his first issue, Appellant avers that the trial court abused its discretion when it found that the Philadelphia Code provisions in Title 9, Chapter 9-3900, Subsection 9-3902(a)(1) required him to provide evidence of a Certificate of Rental Suitability to recover rent because Appellees were neither new tenants nor tenants with a renewed lease but, rather, were trespassers. Appellant's Br. at 11-12.

Appellant has failed to adequately develop this issue for our review. "The Rules of Appellate Procedure [] state unequivocally that each question

an appellant raises is to be supported by discussion and analysis of pertinent authority." ***Commonwealth v. Martz***, 232 A.3d 801, 811 (Pa. Super. 2020) (citation omitted). ***See*** Pa.R.A.P. 2111 (listing briefing requirements for appellate briefs) and Pa.R.A.P. 2119 (listing argument requirements for appellate briefs). "When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review[,] a Court will not consider the merits thereof." ***Branch Banking and Trust v. Gesiorski***, 904 A.2d 939, 942-43 (Pa. Super. 2006) (citation omitted). It is axiomatic that the argument portion of an appellate brief must be developed with citation to the record and relevant authority. Pa.R.A.P 2119(a)-(c). It is not the role of this Court to develop an appellant's argument where the brief provides mere cursory legal discussion. ***Commonwealth v. Johnson***, 985 A.2d 915, 925 (Pa. 2009). "We shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument[.]" ***Milby v. Pote***, 189 A.3d 1065, 1079 (Pa. Super. 2018). As this Court has made clear, we "will not act as counsel[.]" ***Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007).

To support his argument, Appellant provides relevant language from Section 9-3903(1)(2) and explains how **he** would interpret the code but fails to provide citation to any caselaw to support his averments. Appellant likewise fails to cite to the certified record as required by Rule 2119(c). Instead, he references "Exhibit 19" from his reproduced record, which is not part of the certified record, and appears to be a City of Philadelphia instructional webpage

regarding certificates of suitability. Appellant's Br. at 12-13. Finally, instead of relevant caselaw, Appellant relies on statements from "a male worker from the Department of Inspection" as the authority to support his legal conclusions. *Id.* at 13.

Appellant's failure to provide relevant legal authority, citations to the record, and analysis applying the relevant caselaw to the facts of this case severely hamper this Court's ability to provide meaningful review. It is not the role of this Court to develop Appellant's argument and we decline to act as counsel. Accordingly, this issue is waived.

**C.**

Upon review, we conclude that Appellant has waived his remaining issues by failing to include them his post-trial motion. *See Commonwealth v. Wholaver*, 903 A.2d 1178, 1184 (Pa. 2006) (holding this Court may *sua sponte* determine whether issues have been properly preserved for appeal). "[Rule] 227.1 requires parties to file post-trial motions in order to preserve issues for appeal. If an issue has not been raised in a post-trial motion, it is waived for appeal purposes." *L.B. Foster Co. v. Lane Enterprises, Inc.*, 710 A.2d 55 (Pa. 1998). Moreover, "issues that are waived for failure to file post-trial motions or for other reasons cannot be revived or saved simply by raising those issues in a 1925(b) statement." *Diamond Reo Truck Co. v. Mid-Pac. Indus., Inc.*, 806 A.2d 423, 430 (Pa. Super. 2002). Appellant failed to include issues two through nine in his post-trial motion and, therefore, failed to preserve the issues for this Court's review.

Order affirmed.

Judge King joins the memorandum.

Judge McLaughlin concurs in result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/10/2024