J-S02038-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
RAY STRAUSS :
:
Appellant : No. 3305 EDA 2024

Appeal from the Order Entered November 20, 2024
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0001614-2022

BEFORE:  NICHOLS, J., MURRAY, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                **FILED MARCH 12, 2026**

Appellant Ray Strauss appeals from the trial court's November 20, 2024 order, which he construed as a denial of his motion for time credit to be applied towards his probation revocation sentence.  In this Court, Appellant's counsel, Arley Kemmerer, Esq., has filed a petition to withdraw and a brief pursuant to **_Anders v. California_**, 386 U.S. 738 (1967), and **_Commonwealth v. Santiago_**, 978 A.2d 349 (Pa. 2009).  After careful review, and given the unusual circumstances presented, we dismiss the application to withdraw as moot and quash this appeal from an interlocutory order.  Due to the expiration of Appellant's sentence, we decline to remand for further proceedings.

Due to the somewhat convoluted background of this case, we first set forth a history of the proceedings.  On April 23, 2022, police officer Alexander Relnik saw Appellant pushing an orange Home Depot shopping cart along a road.  Officer Relnik saw items inside the cart with their security tags still

attached and asked Appellant to identify himself. Appellant furnished false information and had no receipt or proof of purchase. A Home Depot employee confirmed that the items had been stolen that same date.

The Commonwealth thereafter filed a criminal information charging one count of retail theft and one count of false identification. Appellant accepted a negotiated guilty plea on October 17, 2022, to the retail theft charge, with the Commonwealth agreeing to withdraw the remaining charge. The trial court scheduled sentencing for December 15, 2022.

Appellant failed to appear, and the trial court issued a bench warrant. Appellant was arrested in late January of 2023, and the trial court imposed sentence on the retail theft conviction on February 9, 2023, with the trial court ordering Appellant to serve a period of incarceration and a consecutive one-year period of probation. Sentencing Order, 2/9/23, at unnumbered 1. Appellant was thereafter granted parole effective June 11, 2023. Order, 6/8/23.

Appellant served the incarceration portion of his sentence without incident and commenced his probationary sentence in early 2024. On May 7, 2024, Probation Officer Garrett Hall requested a warrant for Appellant's arrest, due to a new arrest by the Allentown Police Department on April 17, 2024. Appellant waived his right to a revocation hearing on October 9, 2024, and agreed to a revocation sentence of four to eight months of incarceration.

The October 9, 2024, resentencing order states that Appellant was represented by Thomas Lopez, Esq., and both the order itself and the docket

sheet establish that the sentencing order was served on the Lehigh County Public Defender's Office. Appellant thereafter sent a letter, which contains a handwritten signature dated October 14, 2024, to the trial court seeking reconsideration of that sentence. The trial court did not forward this letter to Appellant's counsel, instead docketing it on November 8, 2024. Concurrently, the trial court entered an order denying that motion. The order states that the court received Appellant's motion "in chambers October 21, 2024[.]" Order, 11/8/24.[1] The order then mistakenly informed Appellant that, pursuant to Pa.R.Crim.P. 720(B)(4), he "has the right to file an appeal" from his revocation sentence within 30 days of the order denying his *pro se* motion. ***Id.***[2]

Appellant did not file an appeal. Instead, Appellant filed a separate *pro se* motion leading to the instant appeal. This document is captioned "Motion for Time Credit" and contains a handwritten date of October 25, 2024; it was docketed on November 20, 2024. Appellant alleged that he was entitled to time credit from August 19, 2024, the date he was "arrested and detained on the probation violation warrant," whereas the trial court "only granted [time credit] from September 18, 2024[.]" Motion for Time Credit, 11/20/24, at

_____

[1] The timestamp for the *pro se* filing and the trial court's order is listed as 11:21 a.m. We presume that the trial court caused the motion to be docketed alongside the order denying it.

[2] Rule of Criminal Procedure 708 governs post-sentence motions in revocation cases. "The filing of a motion to modify sentence will not toll the 30-day appeal period." Pa.R.Crim.P. 708(E).

unnumbered 1. Appellant therefore requested 30 days of time credit towards his revocation sentence.

On November 20, 2024, the trial court responded to Appellant's motion by forwarding to Appellant a copy of a time credit calculation prepared on November 18, 2024, by the Chief Deputy of the Criminal Division for the Clerk of Judicial Records. The trial court did not make any legal conclusions or findings based on these calculations, and advised Appellant "to review the calculation with the prison counselor." Order, 11/20/24, at n.1 (single page). These calculations indicated that Appellant was jointly detained on August 19, 2024, for both the probation violation and for contempt of court in a domestic relations matter. *See also* Motion for Time Credit, 11/20/24, at ¶ 3 (Appellant acknowledging that he had been "serving another sentence for contempt" but alleging that "in no way precludes him from receiving" that time credit towards his revocation sentence).

Appellant then filed a *pro se* document captioned "Notice of Appeal," which was "in response to [the] denial of motion for time served credit[.]" Notice of Appeal, 12/11/24, at unnumbered 1. Appellant stated that, on appeal to this Court, he intended to "raise … (1) Ineffective assistance of counsel and (2) Credit for time served in the Lehigh County Jail from August 19, 2024. (3) Unlawful or illegal confinement beyond the imposed duration of sentence." *Id.*

On December 12, 2024, the trial court appointed Attorney Kemmerer. *See* Order, 12/12/24, at n.1 (single page) ("[Appellant]'s *pro se* Notice of

- 4 -

Appeal alleges ineffective assistance of counsel against prior counsel from the Lehigh County Public Defender's Office, which results in the appointment of conflicts counsel.").  The court ordered Attorney Kemmerer to file a Rule 1925 concise statement of matters complained of on appeal.  Attorney Kemmerer filed a Rule 1925(c)(4) statement of her intent to withdraw on appeal.

Appellant filed a *pro se* brief on March 18, 2025, which this Court struck on August 8, 2025, due to Attorney Kemmerer's status as counsel of record.  Meanwhile, on April 11, 2025, this Court sent Appellant in his personal capacity a rule to show cause regarding his *pro se* notice of appeal, concerning Appellant's failure to indicate the order being appealed.  Appellant replied, noting that the trial court "maintains there is no final order."  *Pro se* Response, 4/29/25, at ¶ 2.  Appellant clarified that the order he intends to appeal is the November 20, 2024, order, which directed Appellant to review time credit calculations and speak to a prison counselor.  *Id.*

Attorney Kemmerer filed an application to withdraw and **Anders** brief on September 8, 2025, and the Commonwealth filed its brief on December 5, 2025.  The law is clear that this Court cannot address the merits of the appeal without first passing on counsel's motion to withdraw.  We have done so even in cases such as this one, where a jurisdictional question would arguably supersede the need to examine the **Anders** materials.  **See Commonwealth**

- 5 -

***v. Smith***, 1644 EDA 2024, 2025 WL 314726 (Pa. Super. filed January 28, 2025) (unpublished memorandum).[3]  We thus begin there.

"Before we address the merits of this appeal, we must determine whether counsel has complied with the procedures provided in ***Anders*** and its progeny."[4]  ***Commonwealth v. Yorgey***, 188 A.3d 1190, 1195 (Pa. Super. 2018) (*en banc*).  We must first examine whether counsel has complied with the procedural and substantive safeguards designed to protect Appellant's right to counsel.  If so, we then "conduct a simple review of the record to ascertain if there appear[s] on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated."  ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

> Beginning with the procedural requirements, counsel must:
>
> 1) petition for leave to withdraw and state that, after making a conscientious examination of the record, counsel has concluded that the appeal is frivolous; 2) provide a copy of the ***Anders*** brief to the defendant; and 3) inform the defendant that he has the right to retain private counsel or raise, *pro se,* additional arguments that the defendant deems worthy of the court's attention.

***Commonwealth v. Strasser***, 134 A.3d 1062, 1065 (Pa. Super. 2016)

---

[3] ***See*** Pa.R.A.P. 126(b) (noting that unpublished memorandum decisions filed after May 1, 2019, may be cited for persuasive value).

[4] As discussed in the body of this memorandum *infra*, Appellant is not proceeding on direct appeal.  Accordingly, the ***Anders*** procedures do not apply.  However, because that withdrawal procedure offers greater protections than its counterpart for collateral proceedings, we accept the brief.  ***See Commonwealth v. Widgins***, 29 A.3d 816, 817 n.2 (Pa. Super. 2011).

The petition to withdraw represents that counsel reviewed the entire record and concluded that there are no non-frivolous issues for our review. Counsel confirmed that she sent copies of the petition and the *Anders* brief to Appellant, and attached a copy of a letter informing Appellant of his right to retain new counsel or file a supplemental brief *pro se*. Accordingly, Attorney Kemmerer has complied with the procedural requirements.

We next examine whether the *Anders* brief complies with the requirements established by the *Santiago* Court. The brief must:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Counsel has complied with these requirements. The *Anders* brief includes a summary of the relevant history, refers to the portions of the record relevant to Appellant's issues, and sets forth counsel's conclusion that the appeal is frivolous. Attorney Kemmerer identified two potential sentencing issues that could be raised, and supports her rationale with citations to legal authorities establishing the frivolity of those claims.

Having concluded counsel satisfied those requirements, we turn to our independent examination of the case. We conclude that this court lacks jurisdiction to entertain the appeal, obviating the need to examine the record. "Typically, we would now independently review the record to determine if [the appellant's] issues are frivolous, and to ascertain if there are any other, non-frivolous claims he could pursue on appeal. However, we cannot proceed to this step, as we conclude that we lack jurisdiction over this appeal." **Smith**, 2025 WL 314726 at *3.

"In general, this Court's jurisdiction extends only to review of final orders." **Commonwealth v. Horn**, 172 A.3d 1133, 1136 (Pa. Super. 2017). **See also** Pa.R.A.P. 341(a) ("[A]n appeal may be taken as of right from any final order of a ... trial court."). A final order is defined as one that "disposes of all claims[.]" **Id.** (b)(1). The trial court's opinion concludes that this is not an appealable order, as "it was entered for the sole purpose of providing Appellant with a time credit calculation[] so that he could petition for relief if he found an error." Trial Court Opinion, 2/4/25, at 5.

We agree. The order on its face simply provided Appellant with a time credit calculation and advised Appellant to consult with prison officials. The order did not decide whether Appellant was or was not entitled to the time

credit and is therefore not a final order.[5]  Thus, there is no appealable order and we do not have jurisdiction to address the merits of the appeal.

While we lack jurisdiction to address the merits of the appeal, our duty to dispose of this case and decide the outstanding application to withdraw requires a determination of Appellant's entitlement, if any, to counsel regarding his motion for time credit.  In analogous situations, we have concluded that a deprivation of counsel warranted further actions.  **See Commonwealth v. Cherry**, 155 A.3d 1080, 1083 (Pa. Super. 2017) (declining to decide counsel's application to withdraw and remanding for determination of whether appointed counsel "will continue to represent [Cherry] in the PCRA court"); **Commonwealth v. Karanicolas**, 836 A.2d 940, 947 (Pa. Super. 2003) (dismissing petition to withdraw as moot due to conclusion that the appellant's "appeal from the disposition of his first PCRA petition was for all practical purposes uncounseled, depriving [him] of the

_____

[5] An appeal may be taken as of right from "collateral orders," separately defined by Rule of Appellate Procedure 313.  There are three requirements, and all must be met.  **See generally Commonwealth v. Harris**, 32 A.3d 243, 248 (Pa. 2011).  At minimum, this order fails the third requirement, that "the question presented must be such that if review is postponed until after final judgment, the claim will be irreparably lost."  **Id.**  The trial court effectively deferred consideration of Appellant's claim until he reviewed the calculations and "consulted" with prison officials.

We add that, while the claim is **now** irreparably lost by virtue of the passage of time and expiration of Appellant's sentence, those subsequent events are irrelevant to the collateral order analysis.  **See Commonwealth v. Nikonowicz**, 348 A.3d 218, 224 (Pa. Super. 2025) ("For the sake of uniformity, we conclude that the Rule 313 analysis must be tied to the moment in time the notice of appeal was filed.").

opportunity of legally trained counsel to advance his position in acceptable legal terms on appeal"). Thus, if Appellant were entitled to counsel, we would be authorized to simultaneously quash the appeal and remand for further proceedings to protect Appellant's rights. *See Melani v. Nw. Eng'g, Inc.*, 909 A.2d 404, 406 (Pa. Super. 2006) (quashing appeal as interlocutory and also remanding for further proceedings).

Here, the governing law is straightforward. Appellant did not seek to file a direct appeal from his revocation sentence. Thus, his motion for time credit, which was docketed after his right to file a notice of appeal from his revocation sentence expired, should have been treated as a PCRA petition. "[A] challenge to the trial court's failure to award credit for time spent in custody prior to sentencing involves the legality of sentence. Issues concerning the legality of sentence are cognizable under the PCRA." *Commonwealth v. Beck*, 848 A.2d 987, 989 (Pa. Super. 2004) (citations omitted). Furthermore, "[r]egardless of how a petition is titled, courts are to treat a petition filed after a judgment of sentence becomes final as a [Post-Conviction Relief Act ("PCRA")] petition if it requests relief contemplated by the PCRA." *Commonwealth v. Hagan*, 306 A.3d 414, 421-22 (Pa. Super. 2023) (citation omitted). Accordingly, the trial court should have treated the

*pro se* motion for time credit as a request for relief under the PCRA, and appointed counsel for those purposes.[6]

We recognize that Appellant frequently sent letters and correspondence to the trial court, and we do not doubt that the trial court's efforts to address Appellant's complaints were in good faith. Additionally, Appellant has at times in his *pro se* filings generally complained about court-appointed counsel, and his stricken *pro se* brief to this Court references a request to proceed *pro se* at some point. **Pro se** Brief at 4 ("I did not ask for any counsel to be appointed. I filed a *pro se* motion … I did not ask for counsel to be appointed. I invoked my Sixth Amendment right to represent myself."). The *pro se* filings do not contain a request to proceed *pro se*, and given Appellant's history of sending letters directly to the trial court it may be that this request was directly sent to the court. Regardless, a request to proceed *pro se* must be accompanied by a hearing under **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998). **See generally Commonwealth v. Stossel**, 17 A.3d 1286, 1288-1290 (Pa. Super. 2011) (discussing purpose and importance of **Grazier** hearing). Absent a valid waiver of Appellant's rights to counsel, the PCRA court should have appointed counsel at that juncture. **Id.** at 1290 ("[W]here

---

[6] To the extent that Appellant was already represented and his *pro se* filing for time credit was sent to the trial court before the expiration of his time to seek a direct appeal, the trial court should have forwarded counsel the materials. "It is not unusual for a judge to receive a *pro se* letter or petition of some sort from a defendant. The general practice is for the judge, or the prothonotary, to refer the letter to counsel who represents the defendant." **Commonwealth v. Ellis**, 581 A.2d 595, 599 (Pa. Super. 1990) (quotation marks and citation omitted).

an indigent, first-time PCRA petitioner was denied his right to counsel—or failed to properly waive that right—this Court is required to raise this error *sua sponte* and remand for the PCRA court to correct that mistake.").[7]

Our conclusion that Appellant was entitled to counsel at the trial court level would normally require that we remand to the PCRA court for further proceedings. However, we have recognized an exception to this principle. "Although it is axiomatic that a first-time PCRA petitioner is entitled to assistance of counsel, regardless of whether or not the petition is timely on its face, the failure to appoint counsel is not reversible error where the petitioner's sentence has expired." **Commonwealth v. Hart**, 911 A.2d 939, 942 (Pa. Super. 2006). The trial court imposed the sentence on October 9, 2024, with a maximum sentence of eight months with no probation. Thus, Appellant's sentence expired on June 9, 2025, and no purpose would be served by a remand. "Obviously, where the petitioner is no longer serving a sentence of imprisonment, probation or parole ... the statute no longer applies." **Id.**

Therefore, we deny the application to withdraw as moot and quash the appeal.

_____

[7] Additionally, we note that the finality of Appellant's judgment of sentence "reset" for purposes of the probation revocation proceedings. **See Commonwealth v. Anderson**, 788 A.2d 1019, 1021 (Pa. Super. 2001) ("We hold that where a new sentence is imposed at a probation revocation hearing, the revocation hearing date must be employed when assessing finality under § 9545(b)(3) to any issues directly appealable from that hearing."). Therefore, Appellant's legality of sentencing issues could properly be addressed in that PCRA petition.

Appeal quashed.  Application to withdraw denied as moot.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 3/12/2026